**E. Henry Rahn, Impleaded, etc., v. Henry J. Kniess et al.**

1. FRAUDULENT CONVEYANCES—*From Father to Son.*—A conveyance by a father to his son, of real estate, intended by such father to hinder and delay his creditors, is fraudulent.

**Bill to Set Aside a Conveyance.**—Error to the Circuit Court of Carrol County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

C. W. MIDDLEKAUFF and GEORGE L. HOFFMAN, attorneys for plaintiff in error.

C. L. HOSTETTER, attorney for defendants in error.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

The defendants in error obtained judgments against John Rahn, and executions having been issued thereon, and duly returned "no property found," they filed their bill in equity against John Rahn and his son, the plaintiff in error, charging a fraudulent conveyance by the father to the son of certain real estate and personal property therein described, and thereby sought to have the same set aside, and the property subjected to the payment of the judgments. On the hearing, the Circuit Court found the conveyance of the real estate and the sale of the personal property to have been fraudulent as to creditors, and decreed

in accordance with the prayer of the bill, and also gave personal decree against plaintiff in error, to reverse which this writ of error is prosecuted.

Plaintiff in error claims he purchased the property in good faith. From the evidence, it appears the only consideration for the conveyance and sale, was that the son assumed the payment of a mortgage then existing on the land, an ante-nuptial contract of the father with his wife, and certain other indebtedness of the father. It does not appear the undertaking of the son was anything but a verbal promise made directly to his father, and he has paid but little of the debts, his claim being that he has obligated himself to do so.

Upon a careful consideration of the whole evidence, we think it may be fairly concluded that the transfer of the property was intended by John Rahn to hinder and delay his creditors, and that the plaintiff in error so understood it at the time he accepted the conveyance and received the possession of the personal property. The father was in no way assisted or facilitated in the payment of his debts, for the son furnished no money for that purpose, nor in any manner satisfied his father's creditors.

It is also urged it was improper for the court to render a personal decree against the plaintiff in error, but upon examination of the bill, its statements and prayer are found to be broad enough, as relates to the personal property converted to his own use, to warrant such decree. The plaintiff in error wrongfully took the personal property, sufficient in value to satisfy the judgments of the defendants in error, out of the reach of legal process, and thereby defeated their legal remedy, and the decree in this respect is just.

The decree of the Circuit Court will be affirmed.