## Henrietta Salzenstein et al. v. Daniel M. Hettrick.

1.  DEBTOR AND CREDITOR—*Conveyance to Defraud Creditors.*— Where one party is the debtor of another when he makes a conveyance, the effect of which is to hinder and delay his creditor in the collection of the debt, it matters not that there was no design on the part of the

grantor and the grantee to defraud him. The vital question is, does the conveyance deprive the creditor of a right which would be legally effective had the conveyance never been made. Every conveyance of property made by the parties to it, with a design to hinder, delay or defraud creditors in the collection of their debts, is void as to any existing creditor, whether made with or without a valuable consideration.

**Bill for an Injunction.**—Appeal from the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

M. P. RICE, attorney for appellants.

H. W. MASTERS & SON, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Henrietta Salzenstein filed a bill in the Circuit Court of Fulton County to enjoin the sheriff from selling certain lands which had been conveyed to her by her father, Levy Meiers, and which had been levied upon by virtue of an execution from a judgment in favor of Daniel M. Hettrick against Meiers. In her bill she claimed entire ownership, legal and equitable, in the land, by reason of a purchase and conveyance made November 26, 1898. A temporary injunction, restraining the sale, was granted.

Hettrick, after filing an answer which denied that Mrs. Salzenstein was the owner of the land and averred that the conveyance to her was a mere sham, presented a cross-bill, in which he charged that the conveyance was fraudulent as to creditors and asked that it be set aside so that his execution might be satisfied by a sale of the lands. Mrs. Salzenstein and Meiers answered, denying that the conveyance was fraudulent and averred that it was made in good faith in accordance with a purchase of the lands. The cause was referred to the master for proof and findings. The master, after taking the proofs, reported that the conveyance was fraudulent and recommended that the prayer of the cross-bill be granted, that the temporary injunction, before then allowed, be dissolved, and that the original bill be dismissed. The court, after overruling exceptions to the report, approved the same and rendered a decree which set

aside the conveyance as fraudulent, dissolved the temporary injunction, dismissed the original bill and required the complainant therein to pay $25 damages for wrongfully suing out the injunction.

There is a conflict in the testimony as to whether the conveyance was made in good faith or made to hinder and defraud creditors.    Hettrick testified that when he was pressing Meiers for the payment of his note and reference was made to the conveyance of the land to his daughter, both Meiers and Mrs. Salzenstein told him that the transaction was a sham sale and that as soon as Meiers got matters fixed up with his creditors, the land would be deeded back to him. Three other witnesses testified that Meiers and Mrs. Salzenstein at another time, while appearing as witnesses in their own behalf in a suit pending against them before a justice of the peace, stated that the conveyance was made merely to enable Meiers to effect a settlement with creditors that were crowding him.    Appellants denied making such statements and testified that the transaction was a sale made in good faith and that Mrs. Salzenstein paid in cash to Meiers and to creditors in discharge of his debts an amount exceeding $15,000, the full value of the land.    They were corroborated by a son of Mrs. Salzenstein. In the conflict, it was the peculiar province of the chancellor to find the truth. Having the witnesses before him where he could see them and observe their manner of testifying, his opportunities for discovering the truth were vastly superior to ours.    If appellee and the three witnesses who testified to what appellants stated in the trial before the justice told the truth, there was ample room for finding that the conveyance was a fraud against appellee.    He was a creditor of Meiers when the conveyance was made and had been for more than two years.    The effect of the conveyance was to hinder and delay him in the collection of the debt.    It matters not that there was no design on the part of the grantor and the grantee to defraud him.    Assuming that appellee testified to the truth, it was the purpose of the grantor in making the conveyance to place his property

where it could not be reached by creditors who were pressing him for payment. The grantee was chargeable with notice of that fraudulent purpose, because she knew all the facts and circumstances. She knew and said it was a sham sale, and although she afterward may have paid to her grantor and his creditors all the property was worth, and had no special design of defrauding appellee, still the transaction was fraudulent as to his rights, and the property is chargeable with the payment of his judgment. The vital question is, does the conveyance deprive him of a right which would be legally effective had it never been made. Every conveyance of property made by the parties to it, with a design to hinder, delay or defraud creditors in the collection of their debts, is void as to any existing creditor, whether made with or without a valuable consideration. Boies v. Henney, 32 Ill. 130; Weber v. Mick, 131 Ill. 520; Beidler v. Crane, 135 Ill. 99; Oakford v. Dunlap, 63 Ill. App. 503; Rahn v. Kniess, 74 Ill. App. 367.

Some complaint is made of the action of the court in allowing $25 damages on the dissolution of the injunction. It is claimed there is no evidence in the record on which to base such allowance. There is a recital in the decree, however, that $25 was agreed upon as a reasonable solicitor's fee in the matter. In view of that recital, it was not necessary to have preserved in the record evidence showing that the fee was reasonable and proper. Decree affirmed.