FANALON SAVOIE *vs.* JOSEPH A. PION *et al.*

JUNE 29, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity brought to set aside a deed to certain real estate given, it is alleged, for the purpose of hindering, delaying and defrauding the complainant, a judgment creditor. The cause was tried in the Superior Court and a decision was rendered in favor of respondents. From the decree dismissing the bill, the complainant has appealed to this court.

One of the grounds on which respondents ask that the appeal be dismissed is that the complainant has failed to prove actual fraud. As generally interpreted the statute

does not require proof of fraud in fact. See the recently decided case of *Tanner* v. *Whitney,* 52 R. I. 391, where this question has been fully considered.

Early in January, 1930, the complainant consulted his attorney with reference to a claim arising in tort against respondent Joseph A. Pion. In response to a communication from complainant's attorney, said Pion called several times at the former's office; his last call was on February 5, 1930. The following day he conveyed to his wife his undivided half interest which he held with her in joint tenancy in a two-tenement house in the city of Central Falls. On the next day complainant brought suit and in June obtained judgment.

It is admitted that the conveyance in question was made without any present consideration. The respondent Joseph Pion, so far as appears from the record, had at that time no other property except an automobile which was sold at execution sale for an amount insufficient to pay the expenses of the sale.

The respondents contend that there was a consideration for such conveyance. It appears in evidence that respondent Joseph Pion borrowed, on December 1, 1928, $2,000 from the Credit Union Bank of Central Falls on a six months promissory note; that the respondent Clara Pion and two other relatives indorsed said note. The note appears to have been renewed from time to time without any payment on account until December 6, 1930, when $100 was paid by the respondent Clara Pion, who at the same time paid a year's interest in advance on the balance. For a period of at least 18 months Clara Pion paid the interest when the note was renewed. Both Joseph Pion and his wife testified that it was agreed between them that she was to pay said note and in consideration of such payment her husband was to convey his interest in the real estate in question. This alleged agreement was made at least two months before the conveyance of said property. Clara Pion did nothing with respect to the note after this alleged agree-

ment other than what she had been theretofore doing for at least 18 months except that she paid $100 on the principal. As her husband was, and so far as appears is, still liable on the note, he has not received the consideration which he says he was to have, namely, to be freed of liability thereon.

In *Carroll* v. *Salisbury,* 28 R. I. 16, we held that the voluntary conveyance of all a person's property to his wife for a nominal consideration, upon being notified of a claim against him, makes a *prima facie* case that the conveyance was made "to the intent or purpose to delay, hinder or defraud creditors." If a case falls within the above rule it requires stronger proof to overcome the *prima facie* case than would be required if the action had been between strangers. 12 R. C. L. 515. We are not convinced that the respondents have shown "that the conveyance was not within the purview of the statute." *Carroll* v. *Salisbury, supra.*

The situation with respect to the note was the same as it was before the conveyance. An unexecuted contract between husband and wife whereby the former at some indefinite time in the future is to be released from liability on a note on which they are both liable, is not sufficient to overcome the *prima facie* case which arises from a transaction of this character. Moreover, the conveyance of the property the day following the final interview between Joseph Pion and plaintiff's attorney raises a very strong suspicion that the agreement was an afterthought.

The decree of the Superior Court is reversed.

On July 5, 1932, the parties may present a form of decree in accordance with this opinion.

*Archambault & Archambault,* for complainant.

*Baker & Spicer, Walter I. Sundlun,* for respondents.