259 A.2d 852.

WARWICK MUNICIPAL EMPLOYEES CREDIT UNION *vs.* EVERETT HIGHAM, SR., *et al.*

DECEMBER 19, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

364

PAOLINO, J. The plaintiff brought this complaint as a judgment creditor of the defendants Everett Higham, Sr., and his wife Mabel Higham. It prays that the latter's son, defendant Everett Higham, Jr., be enjoined from selling or otherwise disposing of certain real estate presently standing in his name, that he be ordered to convey it to his parents so that a judgment obtained by the plaintiff against them could be satisfied by a sale of the property, and that a constructive trust be imposed thereon. After a hearing on the complaint, answer and oral proof, an order based on the trial justice's decision was entered in the Superior Court granting the requested relief. The case is here on the defendants' appeal from that order.

Sometime in April 1963, Richard Higham applied to plaintiff credit union for a loan of $1,500. His parents, defendants Everett Higham, Sr. and Mabel Higham, signed as comakers. The parents stated in the application that they owned real estate in Warwick in which they lived which had a net value of $7,800, and that Everett Higham, Sr. was earning a weekly salary of $170. Two of plaintiff's employees testified that, when Richard applied for the loan, he was told that the loan would require two comakers, and

that he brought his mother and father; that they were asked if they owned any property to be used as collateral for the loan; that they said they did; and that, in making the loan, plaintiff relied on the comakers' statement that they owned real estate with a net value of $7,800 and very little on the statement about the father's wages.

On January 2, 1964, the father and mother conveyed their real estate to their son Everett, Jr., who was then single and living with them. The deed contained a statement that the consideration for the conveyance was such that no revenue stamps were required and that the conveyance was subject to all encumbrances of record. The complaint alleges that the conveyance was made without the knowledge and consent of plaintiff, with inadequate consideration, and to impair the security of the loan.

On January 24, 1964, Richard filed a bankruptcy petition in the United States District Court for the District of Rhode Island and was adjudged a bankrupt.

Thereafter, the note remaining in default, plaintiff instituted an action at law against the comakers. On April 13, 1966, a judgment on the note was entered in favor of plaintiff in the amount of $1,312.42 against the comakers. Execution was issued thereon and returned unsatisfied.

On June 22, 1967, plaintiff brought the present complaint against the comakers and their son Everett, Jr. It appears from the evidence that, at the time he signed the note, Everett, Sr. was not working; he was recovering from a heart attack which had occurred on February 3, 1963. He testified that his doctor had told him he would return to work within two months. He denied any knowledge of Richard's default or of his impending bankruptcy at the time he transferred the property to his son Everett.

With regard to the question of consideration, Everett, Sr. testified that six months after his illness the doctor told him that he could not work any more; that he and his wife went to their lawyer's office and told him that their son

Everett had been giving them $25 per week while he was home, that he had promised to support them in the future, and that they wished to convey their property to their son Everett, Jr. in exchange for his promise to support them, and that he had continued this support at the rate of $25 weekly and had paid the taxes and the cost of repairs. Everett, Sr. testified that this continued for a year or better after his son got married and that thereafter he gave them money when they needed it for anything around the house and he, Everett, Jr., took care of the house. The parents continued to live in the premises.

In a very brief decision the trial justice stated that he found as a fact that there was no consideration for the transfer of the property from the mother and father to the son, and that, consequently, he found that the transfer was made with fraud and intent to deprive plaintiff of the security of the property owned by the mother and father within the meaning of G. L. 1956, §6-16-1, the statute dealing with fraudulent conveyances. Accordingly, he granted plaintiff the relief it sought, and an order to that effect was entered impressing an equitable lien on the property and ordering that the real estate be amenable for the satisfaction of the judgment held by plaintiff.

The main question involved in this case is whether the transfer was in violation of the statute against fraudulent conveyances.[1] The defendants claim that it was not.

---

[1]Section 6-16-1, entitled "Conveyances to defeat creditors void—Bona fide takers for value" reads, in pertinent part as follows:

"Every gift, grant or conveyance of lands * * * had or made and contrived of fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors of their just demands of what nature soever * * * shall be henceforth deemed and taken, as against such person or persons * * * whose debts, suits, demands. estates, rights or interests, by such guileful and covinous devices and practices as aforesaid, shall or may be in any wise injured. disturbed. hindered, delayed or defrauded, to be clearly and utterly void, any pretense, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding * * *."

The defendants' first contention is that plaintiff has not shown that fraud and deceit were practiced on it by defendants at the time the note was signed. They point out that the complaint contains no allegation that plaintiff relied on Everett, Sr.'s statement about his weekly wages, and that plaintiff's testimony was that the statement about the weekly wages had not been considered by the credit committee. The complaint alleges only that plaintiff relied upon the statement of Everett, Sr. and his wife that they owned the real estate in question.

We agree that the statement regarding the wages of Everett, Sr. has no significance in this case. Neither, however, was it incumbent on plaintiff to establish fraud and deceit by defendant comakers at the time the note was signed. The important date was the date of conveyance. See 37 C.J.S. *Fraudulent Conveyances* §112.

The defendants next argue that plaintiff was not a creditor of the comakers within the meaning of §6-16-1; that no notice of Richard's default on the note was given to them; that plaintiff did not show that the comakers knew of the default when they deeded the property to their son; that plaintiff never introduced any evidence of the date upon which the note became in default and it was therefore impossible to tell from the record whether the conveyance occurred before or after the default, and, finally, that the transfer was made for an adequate consideration, that is, the son's promise to support his parents.

The plaintiff became a creditor of the comakers when they signed the note; in fact, the comakers became equally liable for its payment. There is nothing in this record showing that plaintiff was under any duty to notify the comakers of the maker's default. The trial justice obviously did not believe Everett, Sr.'s testimony that he had no knowledge of the default and that he and his wife made the conveyance in consideration of their son's promise to support

them. In this posture we are confronted with a record showing the loan of $1,500, a default in the payments of the note, a finding of fact based on credibility that there was no consideration for the transfer of the property to son Everett, Jr., son Richard's subsequent bankruptcy, plaintiff's law action against the comakers, the award of a judgment in that case, and, finally, the present action.

The law governing the narrow issue presented by this appeal is not too involved. The statute does not require proof of fraud in fact. *Savoie* v. *Pion,* 52 R. I. 422, 161 A. 219. The person asserting the invalidity of a conveyance has the burden of establishing that the conveyance was without consideration. *Faiella* v. *Tortolani,* 76 R. I. 488, 72 A.2d 434. With regard to fraudulent intent the court said in *Tanner* v. *Whitney,* 52 R. I. 391, 394, 161 A. 122, 123-124:

"The vital question is, does the conveyance deprive the creditor of a right which would be legally effective had the conveyance not been made? *Salzenstein* v. *Hettrick,* 105 Ill. App. 99. Bigelow in his work on fraudulent conveyances (pp. 78, 79) states the rule to be that the question whether a gift by a debtor is to be regarded as made with intent to defraud his creditors is now generally considered to turn upon whether the debtor was at the time in a situation to make the gift in justice to his creditors, *i.e.,* without delaying them in the enforcement of their rights.

"There is no place for question in such cases clearly of any intention to delay or defraud in the sense of any actual purpose in the mind. The validity of the conveyance is to be determined not by the debtor's intention, even if honest, but by the effect on the creditor's right of recovery."

Therefore, the decisive question in this case with regard to fraudulent intent is not whether it was the comakers' intent to put their property out of the reach of plaintiff, who was their creditor, but rather whether such a conveyance had the effect of depriving plaintiff of a right which would have been legally effective had the conveyance not

been made. This is especially so since there is nothing in this record showing that they had other means with which to pay the judgment.

On this record we cannot say that the trial justice's findings are clearly wrong. As we have previously stated, they were clearly based on his lack of credibility in Everett, Sr.'s testimony. He saw and heard the witnesses and, therefore, was in a better position than we are to pass on questions of weight of the evidence and credibility of the witnesses. Since there is nothing in this record showing that he misconceived or overlooked any material evidence in arriving at his ultimate conclusion, his findings will not be disturbed by this court. See *Star Dinette & Appliance Co.* v. *Savran,* 104 R. I. 665, 248 A.2d 69. We are persuaded that the totality of the evidence in this case is such that he was warranted in concluding that the transfer was in violation of the statute against fraudulent conveyances.

The judgment is affirmed.

*Earl F. Pasbach,* for plaintiff.

*Robert G. Pariseault,* for defendants.