**SECURITY PACIFIC CREDIT (HONG KONG) LTD. et al.**

v.

**LAU KING JAN, alias Wong Lau King Jan, alias, and S.C. Wong, alias, Wong Siu Chung, alias, and Hoiyong Corporation.**

No. 84–121–A.

Supreme Court of Rhode Island.

Nov. 18, 1986.

Jill S. Votta, Votta & Votta Law Offices, Ltd., Providence, for plaintiff.

Daniel C. Waugh, Tillinghast Collins & Graham, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by Hoiyong Gems Corporation (Gems) from the entry of default and thereafter the entry of a default judgment in the amount of $1,146,659.63, including interest and costs. We vacate the judgment. The facts of the case as disclosed by affidavits of the parties are as follows.

On July 22, 1983, plaintiffs, Security Pacific Credit (Hong Kong) Ltd. and Bank of Canton, Ltd., caused service of a summons and complaint to be made upon the agent of Gems for service of process. The complaint alleged that Gems and two individual defendants (who are not involved in this appeal) owed plaintiffs $983,057.82 on book account. The agent for service of process went on vacation for one week on the day after service of process was made. He had been excused from court appearances during that week. When the agent, who was also an attorney, returned, the officers of Gems were traveling out of state. Consequently, the agent sent a certified letter to the offices of Gems on August 1, 1983. The letter was received on August 26 when the treasurer of Gems returned to Rhode Island for a week. According to an affidavit filed by the agent, his attempt to communicate with the treasurer and to receive authorization to answer the complaint was made difficult by the fact that she, along with the other officers of the corporation, spoke English with difficulty. Consequently, he was unable to communicate effectively the need for a prompt response to the complaint in order to avoid an entry of default.

Meanwhile, the agent procured an extension of time from counsel for plaintiffs until August 31, 1983. However, no authority to defend against the action was

forthcoming from the officers of the corporation. Consequently, counsel for plaintiffs requested entry of default to be made by the clerk on September 9, 1983. Thereafter, an entry of appearance was filed on behalf of Gems on September 14, 1983, and a motion to set aside the default was filed pursuant to Rule 55(c) of the Superior Court Rules of Civil Procedure on September 29, 1983. Along with said motion was a proposed answer denying liability on behalf of Gems to plaintiffs in any amount, an affidavit of the agent for service of process setting forth his difficulties in communication with the officers of Gems, their lack of fluency in the English language, and their apparent lack of understanding of the requirement that the action against Gems be answered within a limited period. Also filed was an affidavit of Yu Yuet Ming, the treasurer of Gems, who set forth her lack of understanding of the English language, the lack of facility of other officers of Gems in the English language, and her failure to understand the need to have an attorney enter an appearance on behalf of and answer for the corporation. The treasurer also set forth in her affidavit that Gems had no book account with either plaintiff and owed no money to either plaintiff. The motion to set aside the default was denied by a justice of the Superior Court on or about October 13, 1983.

Thereafter, on January 23, 1984, a hearing was held before another justice of the Superior Court on a motion filed by plaintiffs seeking entry of judgment by default. This motion was accompanied by affidavits in proof of claim, which indicated that plaintiffs had loaned money to the individual defendants Lau King Jan, S.C. Wong, and a corporation controlled by the individuals entitled S.C. Wong Jewelry Products Far East Limited (Wong, Ltd.). The affidavit also alleged that the assets of Wong Ltd. had been given to, transferred to, and/or usurped by Gems.

It therefore appears that the action against Gems was not a book-account action, nor an action for money loaned, but essentially constituted a complaint to reach and apply assets that had been allegedly transferred to Gems in fraud of creditors.

Although several issues have been raised in support of the appeal of Gems, we are of the opinion that one issue is dispositive. That issue may be stated as the question of whether the justice of the Superior Court erred in denying Gems's motion to remove the default.

This court stated in *Berberian v. Petit*, 118 R.I. 448, 452–53, 374 A.2d 791, 793 (1977):

> "Under Super.R.Civ.P. 55(c) the only showing required for removing [a] default was 'good cause' and not the 'mistake, inadvertence, surprise, or excusable neglect' showing which would have been demanded under Super.R.Civ.P. 60(b), had the default been followed by the subsequent entry of a final judgment. And 'where there are no intervening equities any doubt [about the existence of good cause,] should, as a general proposition, be resolved in favor of the movant to the end of securing a final trial upon the merits.' 6 Moore, *Federal Practice* ¶ 55.10[1], at 55–235 to –236 (2d ed. 1976)."

With that statement of the general rule this court affirmed the removal of a default more than a year after it had been entered by the clerk.

This rather liberal interpretation of Rule 55(c) is in accord with the interpretation given to its federal counterpart Fed.R.Civ.P. 55(c), whose terms are substantially identical to those of the Rhode Island rule. The general rule applicable to removal of entries of defaults in federal courts has been stated as follows:

> "A Rule 55(c) motion also may be granted whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2696 at 518–19 (1983).

Although federal courts have varied somewhat in their application of principles relating to removal of entries of default, it appears that a significant body of opinion would support resolving doubts in favor of removal of the entry of default, particularly in an action where large sums are involved in the suit. *See, e.g., United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir.1985); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3rd Cir.1982); *Tolson v. Hodge*, 411 F.2d 123 (4th Cir. 1969); *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 398 (E.D.Pa. 1981); *Henry v. Metropolitan Life Insurance Company*, 3 F.R.D. 142 (W.D.Va. 1942).

 Applying the foregoing principles to the facts of the case at bar, we are of the opinion that there was no gross negligence shown in the failure to answer this case for a period of fourteen days after the extension of time for answering and entering an appearance had expired. Without question, the officers of the corporation did not respond promptly in authorizing either their agent for service of process or another attorney to proceed on behalf of Gems. In light of their lack of familiarity with the English language and their lack of understanding of the need for a prompt response, there is insufficient evidence to support a finding of gross negligence.

 Further, there seemed little prejudice to plaintiffs from this fourteen day delay other than the necessity to prove a claim against Gems, a burden that in the circumstances might well have provided some problems on the merits. We are of the opinion that cases involving alleged fraudulent conveyances are not readily to be resolved on affidavit in proof of claim as mere book-account cases. *See generally, Spaziano v. Spaziano*, 122 R.I. 518, 410 A.2d 113 (1980); *Oury v. Annotti*, 113 R.I. 506, 324 A.2d 325 (1974); *Warwick Municipal Employees Credit Union v. Higham*, 106 R.I. 363, 259 A.2d 852 (1969).

Hence, we believe that the justice of the Superior Court in denying the motion to set aside the default applied too stringent a standard for a Rule 55(c) motion.

For the reasons stated, Gems's appeal is hereby sustained, the order denying the motion to set aside the default is reversed. Consequently, the default judgment thereafter entered must also be vacated. The papers in the case are remanded to the Superior Court for further proceedings in accordance with this opinion.