**RHODE ISLAND DEPOSITORS' ECONOMIC PROTECTION CORPORATION, as assignee of the Receiver of Heritage Loan and Investment Company**

v.

**Anna F. MOLLICONE et al.**

**No. 95–288–Appeal.**

Supreme Court of Rhode Island.

June 7, 1996.

**1338**

Jeffrey Gladstone, Providence, for Plaintiff.

Bruce D. Sawyer, Lincoln, for Defendant.

### OPINION

**PER CURIAM.**

This matter came before us on April 16, 1996, pursuant to an order directing the defendants to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendants, Anna F. Mollicone (Mrs. Mollicone) and Joseph Mollicone, Jr. (Mollicone), appeal from a summary judgment entered in the Superior Court in favor of the plaintiff, the Rhode Island Depositors' Economic Protection Corporation, as assignee of the receiver of Heritage Loan and Investment Company. The trial justice ruled that Mollicone had transferred funds to his mother, Mrs. Mollicone, in violation of G.L.1956 chapter 16 of title 6, the so-called Uniform Fraudulent Transfer Act (the act).

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the appeal should be decided at this time.

The plaintiff's claim arises out of a November 19, 1992 transaction in which Mollicone withdrew funds from four separate retirement accounts at Eastland Savings Bank and transferred a portion of those funds to his mother by endorsing and delivering to her two treasury checks, each in the amount of $20,000.[1] The transfer occurred after Mollicone had been served with a writ of execution on a judgment against him in the amount of $41,591,519.01 obtained by plaintiff's predecessor-in-interest. The plaintiff alleged that Mollicone made the transfer with the intent to defraud it as a judgment creditor. It filed a complaint seeking to enjoin the transfer and filed a motion for summary judgment, arguing that the transfer violated the act.

Mollicone admitted that he made the subject transfer but argued that he did so only to have his mother "hold the funds until he decided whether or not to roll over said funds into another pension account within the statutory sixty day period of time without penalty or loss of exemption status." Alternatively, Mollicone argued that he made the transfer in exchange for legal services paid for by Mrs. Mollicone on his behalf as of November 19, 1992, and for legal expenses he anticipated he would incur in the future.

After a hearing on the matter, the trial justice concluded that the transfer by Mollicone to his mother did not demonstrate an

---

1. Mollicone withdrew funds from four different retirement accounts and was issued four separate treasurer's checks payable to himself in the amounts of $4,046.43, $20,000, $20,000, and $20,666.67. Mollicone endorsed and delivered the two $20,000 treasurer checks to his mother, Mrs. Mollicone.

intent to roll over the funds into a retirement account. She ruled that Mollicone was a debtor and plaintiff was a creditor within the meaning of the statute and that plaintiff's claim arose before the subject transfer. She also found that the transfer was made by an insolvent debtor to an insider who had reason to know of the debtor's insolvency.[2] The trial justice entered summary judgment for plaintiff because she concluded that whether defendant had transferred the proceeds in payment of an antecedent debt or whether Mrs. Mollicone was simply "holding her son's money out of his name * * * in case he needed it," in either event the transfer violated the act.

On appeal defendants argue that the trial justice erred because there is a genuine issue of material fact in regard to whether a transfer ever took place. They claim that if Mrs. Mollicone was simply holding defendant's money for him, instead of receiving it in payment of an antecedent debt, no exchange took place and, therefore, the act was never violated. We disagree.

When reviewing a summary-judgment motion on appeal, this court applies the same standard as the trial justice and examines the evidence in a light most favorable to the party opposing the motion. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). Summary judgment should enter if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Hopp v. C.H.B. Development Corp.*, 669 A.2d 1152, 1154 (R.I.1996).

There can be no question that a trial justice is empowered under the act to set aside transfers made with the intent to delay, to hinder, or to defraud creditors. Chapter 16 of title 6. Further, § 6–16–5 of the act provides in pertinent part:

"(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or

incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time, or the debtor became insolvent as a result of the transfer or obligation.

"(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent."

We are of the opinion that even if Mollicone had delivered the treasury checks to his mother on the condition that she return the funds if he needed them in the future, the transaction was still a transfer within the meaning of the statute. Section 6–16–1($l$) defines "transfer" as "*every mode*, direct or indirect, *absolute or conditional*, voluntary or involuntary, *of disposing of or parting with an asset or an interest in an asset, and includes payment of money*, release, lease, and creation of a lien or other encumbrance." (Emphasis added.)

To construe the statute as defendants urge would allow debtors to place their assets beyond the reach of creditors simply by conditionally transferring their assets to relatives. Such a construction would undermine the statute's very purpose and render it ineffectual. Under the act a conveyance is fraudulent in regard to creditors, without regard to the transferor's actual intent, if the conveyance was made without fair consideration and the debtor was either insolvent at that time or was thereby rendered insolvent.

Here, Mrs. Mollicone did not pay her son fair consideration for the treasury checks. At the time of the transfer defendant Mollicone was insolvent and indebted to plaintiff. The record suggests that Mrs. Mollicone may have received the proceeds in exchange for funds she had previously advanced to the defendant or had paid to third parties on the defendant's behalf. If so, the

2. General Laws 1956 § 6–16–1(g)(1)(A) defines "insider" to include "[a] relative of the debtor

* * *."

transfer was in payment of an antecedent debt to an insider who had reasonable cause to know of the debtor's insolvency. Alternatively, Mrs. Mollicone was simply holding the proceeds in anticipation of her son's future needs without having provided "a reasonably equivalent value in exchange for the transfer." Under either scenario, the diversion violated the terms of the act and diminished the assets out of which the plaintiff creditor had a right to be paid. *See Landmark Medical Center v. Gauthier,* 635 A.2d 1145, 1148 (R.I.1994); *Savoie v. Pion,* 52 R.I. 422, 424, 161 A. 219, 220 (1932).

For the reasons stated, the defendants' appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case may be remanded to the Superior Court.

MURRAY and LEDERBERG, JJ., not participating.