**McKINNEY & NAZARETH, P.C.**

v.

**Gregory J. JARMOSZKO.**

Nos. 2000–104–M.P., 2000–21–Appeal.

Supreme Court of Rhode Island.

June 13, 2001.

**34**

Patrick McKinney, Wakefield, for Plaintiff.

Michael Kiselica, Warwick, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on May 8, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this petition for certiorari should not be decided at this time. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this petition for certiorari should be decided at this time. The facts insofar as pertinent to this petition are as follows.

The defendant, Gregory J. Jarmoszko (defendant), is a former client of plaintiff, McKinney & Nazareth, P.C. (plaintiff). The defendant hired plaintiff in January 1997 to represent him in his divorce action. The parties entered into a written fee agreement that provided, among other things, that attorneys' fees would be incurred at specified hourly rates. From January 1997 to January 1999, defendant paid $22,795.28 in attorneys' fees. In January 1999, plaintiff billed defendant for an additional $17,629.78 in attorneys' fees. The defendant did not pay that bill and, two months later, plaintiff filed suit in the Superior Court to collect the amount due plus interest and collection fees. The plaintiff served defendant with the complaint on March 24, 1999. What happened next forms the basis of this petition.

On April 9, 1999, sixteen days after he had been served with the complaint, defendant filed his *pro se* "Answer to Complaint and Counterclaim." The defendant's "answer" alleged that plaintiff had committed legal malpractice. The defendant alleged plaintiff was not entitled to attorneys' fees beyond that which he had already paid as of January 1999 because plaintiff had failed to offer evidence in the divorce action to substantiate defendant's claim for attorneys' fees against his former wife. On April 29, 1999, plaintiff, pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, filed a motion to dismiss for failure to state a claim upon which relief could be granted. At a hearing held

on June 21, 1999, plaintiff argued that defendant never filed an answer; rather, "[h]e[ ] jumped ahead and filed a counterclaim." The defendant was not present at that hearing and he did not respond to plaintiff's motion to dismiss. Accordingly, the motion justice granted plaintiff's motion to dismiss.

Thereafter, defendant filed a motion to vacate the order of dismissal. A hearing on that motion was held on July 9, 1999. At that hearing, defendant, appearing *pro se*, argued that he did not receive notice of plaintiff's motion to dismiss. The defendant asserted that although he had received a copy of plaintiff's memorandum in support of the motion to dismiss, he "was waiting for the [c]ourt date to come in, someone to send [him] notification of a[c]ourt date with the idea [that he'd] have a chance to respond to the memo when the [c]ourt date comes up." The motion justice gave defendant an opportunity to continue the motion to a future date so he could obtain counsel. The defendant declined, and the motion justice denied defendant's motion to vacate. However, the motion justice informed defendant that she would reconsider the matter if he came back to the court, with counsel, on the next Wednesday, July 14, 1999.

At the hearing held on July 14, 1999, defendant again appeared *pro se*. The motion justice gave defendant another opportunity to continue the matter so that he could obtain counsel. At the previous hearing, defendant had indicated that he was looking for an attorney to represent him, but that "not many attorneys would like to represent [him] in a case like this." At the hearing held on July 14, the motion justice noted that defendant had made an effort to obtain an attorney, but that he had been unsuccessful. However, defendant indicated that he had spoken with an attorney who advised him how to proceed on the motion, and the motion justice then gave him an opportunity to present further argument on his motion to vacate.

After hearing the arguments of the parties, the motion justice granted defendant's motion to vacate. The motion justice then granted plaintiff's Rule 12(b)(6) motion and dismissed defendant's sole filing (his counterclaim) "without prejudice," thereby giving defendant an opportunity at some later time to correct the pleading. The motion justice held that "the pleading on its face [was] insufficient [and] fail[ed] to state a claim upon which relief [could] be granted." The motion justice stated: "[that] means there is no counterclaim at this time * * *; however, there is a pro se entry of appearance * * *."

Later that day, plaintiff presented the motion justice's clerk with an entry of default pursuant to Rule 55(a) of the Superior Court Rules of Civil Procedure. The clerk signed the entry of default. The entry of default also contained a handwritten "7–14–DEN" at the bottom of the document. Although having entered an appearance, defendant did not receive notice of this entry of default pursuant to Rule 55.

On July 15, 1999, defendant notified plaintiff and the court that he would be on vacation from July 16 to August 16. At the hearing on July 9, 1999, defendant also had given notice to plaintiff and to the court about his vacation. Nevertheless, plaintiff filed a motion for entry of default judgment against defendant on July 20, 1999. A hearing date for that motion was set for August 20, 1999. On August 18, 1999, two days after he returned from his vacation, defendant hired an attorney, who immediately entered an appearance in the case. The attorney also filed an objection to the motion for entry of default, a motion to vacate the default, and an amended

answer. Those motions were set down for hearing on September 20, 1999.

The plaintiff's motion for entry of default judgment was heard on August 20, 1999. The motion justice granted plaintiff's motion, but stayed entry of the order and any execution thereon until after September 20, 1999, for further hearing on defendant's motion to vacate. On August 24, 1999, the motion justice signed an order to that effect. In response to that order, defendant filed a motion to enlarge time for appeal and a motion to vacate the default judgment. A hearing on those motions was accelerated to September 17, 1999.

Several interesting developments came to light at the hearing on September 17, 1999. First, defendant's counsel informed the court that he had received a letter from plaintiff on September 11, 1999, indicating that the judgment already had been entered and that the twenty-day appeal period had expired, despite the motion justice's order that entry of judgment would be stayed until September 20, 1999. Second, plaintiff informed the court that defendant had quit his job, transferred assets, executed a quitclaim deed for his property to his brother, and left the country for Poland, with no intent to return to the United States. The plaintiff argued that defendant undertook these actions in contempt of the Family Court.

The motion justice denied defendant's motion for enlargement of time to appeal and his motion to vacate the judgment, without giving defendant's attorney an opportunity to present an argument with regard to those motions. The defendant's counsel then requested an opportunity to present argument on the motions that would have been heard on September 20,

1999 (the motion to amend the answer and the motion to vacate the entry of default). The motion justice granted that request, but also denied those motions. The motion justice held: "[t]he [c]ourt's feeling is that the defendant in this case has no intention of maintaining his defense, if you will. Based upon what I see, what I hear and the documentary evidence presented by [plaintiff], I'm going to deny the motions that were scheduled for Monday. I'm going to deny them now." On March 10, 2000, defendant filed the instant petition for the writ of certiorari.[1] The defendant has subsequently returned to the United States.

The defendant raises several issues in his petition. First, defendant argues that he filed a timely answer, which never was stricken. The defendant argues that the pleading labeled "answer to complaint and counterclaim" was in actuality an affirmative defense stating in essence that defendant was entitled to offset legal fees because plaintiff had failed to offer evidence to substantiate defendant's claim for attorneys' fees against his former wife. Second, defendant argues that default was improperly entered in defiance of a court order giving defendant an opportunity to file an amended answer and counterclaim, and that he should have been given notice of the entry of default. Finally, defendant argues that because the entry of default judgment had been stayed until September 20, 1999, his motion to enlarge time to file an appeal should have been granted.

■ "Judgment by default is a drastic remedy which should only be employed in extreme situations." *Medeiros v. Hilton Homes, Inc.*, 122 R.I. 406, 410, 408 A.2d 598, 600 (1979) (citing *Affanato v. Merrill*

---

1. Previously, on October 7, 1999, defendant filed a notice of appeal. However, because the twenty-day appeal period had passed, defendant filed the instant petition for the writ of certiorari.

*Bros.*, 547 F.2d 138 (1st Cir.1977)). Rule 55 governs defaults. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." After default is entered, judgment by default may be entered pursuant to Rule 55(b). "The court is empowered by the terms of Super.R.Civ.P. 55(c) to 'set aside' a default 'for good cause shown,' and, if a default judgment has been entered, relief might be obtained through the relevant provisions of Super.R.Civ.P. 60(b)." *Medeiros*, 122 R.I. at 409, 408 A.2d at 599. A default judgment may be vacated upon a showing of "mistake, inadvertence, surprise, or excusable neglect." *See* Super.R.Civ.P. 60(b)(1).

■ The motion justice erred in denying defendant's motions to vacate default judgment and the entry of default. Initially, the entry of default was improperly entered. The defendant in the instant case had responded to the complaint with a document that, in essence, amounted to a denial of plaintiff's claim. As the motion justice noted, that document constituted "a pro se entry of appearance" in the case. Because defendant had appeared and because plaintiff was aware of the essence of defendant's "answer," defendant should not have been defaulted. *See Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan*, 517 A.2d 1035, 1036 (R.I.1986) (noting that entry of default was appropriate upon a showing of gross neglect and substantial prejudice to the moving party, and that motion to set aside entry of default should generally be granted).

Furthermore, at the hearing held on August 20, 1999, the motion justice stayed entry of default judgment in order to give defendant an opportunity to proceed with his motion to vacate entry of default and his motion to amend his answer. The defendant specifically relied on the motion justice's representation that the entry of default would be stayed until after September 20, 1999. However, default judgment was actually entered on August 24, 1999, despite an order accompanying the judgment indicating that judgment should not be entered until at least September 21, 1999.

Had the motion justice's order been followed as written, defendant's motion to vacate entry of default would have been heard on September 20, 1999. Instead, the motion was heard on September 17, 1999. At that hearing, however, the motion justice was annoyed with defendant's behavior and denied defendant's motion to set aside the entry of default. That motion should have been granted. The motion justice had the authority to set aside the entry of default for "good cause." *See* Rule 55(c). In light of the difficulty in obtaining an attorney, defendant satisfied the "good cause" standard. Indeed, defendant was never given an opportunity to proceed. Rather, defendant was led into a procedural quagmire when plaintiff presented the entry of default on July 14, 1999, the same day as the hearing during which defendant's counterclaim was dismissed. As was previously stated, at that juncture, defendant entered his appearance *pro se*. The defendant should have been given an opportunity to proceed before plaintiff presented the entry of default.

Accordingly, the petition for certiorari is hereby granted. The judgment of the Superior Court is hereby quashed. The papers in the case may be remanded to the Superior Court for further proceedings in accordance with this opinion.