### R.C. ASSOCIATES

v.

### CENTEX GENERAL CONTRACTORS, INC.

**No. 2001–317–Appeal.**

Supreme Court of Rhode Island.

Nov. 29, 2002.

Mitchell S. Rifkin, for Plaintiff.

Kenneth Glenn Littman, Fall River, MA, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, GOLDBERG and SHEA (Ret.), JJ.

1. The parties rested on their memoranda.

2. Centex did not produce an affidavit from Janet.

## OPINION

PER CURIAM.

This breach of contract action came before the Court for oral argument on November 6, 2002, pursuant to an order that had directed the parties to appear and to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the record and the memoranda filed by the parties,[1] we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The defendant, Centex General Contractors, Inc. (Centex), appeals from the denial of its motion to set aside the entry of a default for failure to answer the two-count breach of contract claim filed by the plaintiff, R.C. Associates (RC).

Joseph M. Vieira (Vieira) is the principal of Centex. On April 1, 2000, he personally was served with notice of this claim on behalf of the corporation. In his affidavit supporting the motion to vacate the default, Vieira stated that he gave the notice to attorney David Megna, who is licensed to practice in Massachusetts but not in Rhode Island. Attorney Megna did not answer the complaint on behalf of Centex. In his affidavit, attorney Megna represented that upon realizing that the suit had been filed in Rhode Island, he notified Centex, through a secretary named Janet, that he could not represent Centex in Rhode Island.[2] Janet allegedly assured attorney Megna that Centex had employed a Rhode Island attorney previously and that "she would forward the case to him." [3]

3. It is unclear how Janet could have forwarded the case to the Rhode Island attorney because attorney Megna retained all the paperwork in the case until September 2000.

Meanwhile, RC filed a motion for entry of default for failure to answer the complaint. Default was entered on May 31, 2000. On July 25, 2000, RC filed a motion for an oral proof of claim and requested a hearing date for August 18, 2000. Shortly thereafter, Vieira received notice of the motion and brought it to the attention of attorney Megna. Attorney Megna informed Vieira that he could not represent Centex and offered to refer Vieira to a Rhode Island attorney.

On August 22, 2000, RC moved to continue the hearing on the oral proof of claim until September 22, 2000. Notice of the continuance was sent to Vieira, who acknowledged in court that he had received the notice. On September 12, 2000, almost five and one-half months after receiving notice that the case had been filed, Megna arranged for Vieira to meet with Rhode Island counsel.

The local attorney attempted unsuccessfully to persuade RC's attorney to allow the default to be vacated. He entered his appearance and filed a motion to vacate the default on September 21, 2000. Hearing on the motion to vacate began on September 22, 2000. The trial justice then continued the matter until September 29, 2000, to allow the parties to submit memoranda. After examining the memoranda and hearing testimony and the further arguments of counsel, the trial justice denied the motion. A default judgment later was entered in the amount of $67,695.77, plus interest, after a hearing on the oral proof of claim. Centex appealed.

■ Centex argues that RC was not substantially prejudiced by its delay in answering the complaint, and that the denial of its motion to vacate prevented it from both filing its counterclaim and presenting a meritorious defense to the breach of contract claims. Centex argues that under Rule 55(c) of the Superior Court Rules of Civil Procedure, "there is a general policy of liberality toward allowing motions for relief from default entries, with all doubts being resolved in favor of the party seeking relief." It asserts that the trial justice improperly blamed Vieira for his conduct rather than blaming the inaction of attorney Megna. For all these reasons, Centex asserts that the trial justice erred in denying its motion to vacate the entry of default.

■ "Judgment by default is a drastic remedy which should only be employed in extreme situations." *McKinney & Nazareth, P.C. v. Jarmoszko*, 774 A.2d 33, 36 (R.I.2001) (per curiam) (quoting *Medeiros v. Hilton Homes, Inc.*, 122 R.I. 406, 410, 408 A.2d 598, 600 (1979)). Rule 55(a), which regulates defaults, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." "After default is entered, judgment by default may be entered pursuant to Rule 55(b)." *McKinney*, 774 A.2d at 37. "The court is empowered by the terms of Super.R.Civ.P. 55(c) to 'set aside' a default 'for good cause shown,' and, if a default judgment has been entered, relief might be obtained through the relevant provisions of Super.R.Civ.P. 60(b)." *McKinney*, 774 A.2d at 37 (quoting *Medeiros*, 122 R.I. at 409, 408 A.2d at 599). "A Rule 55(c) motion also may be granted whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." *Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan*, 517 A.2d 1035, 1036 (R.I.1986) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d § 2696 at 518–19

(1983)). We "support resolving doubts in favor of removal of the entry of default, particularly in an action where large sums are involved in the suit." 517 A.2d at 1037.

In the case before the Court, there were no doubts to be resolved. The trial justice denied the motion, finding that the affidavit submitted by attorney Megna was "vague, to the point of being misleading[,]" and that "[t]here was nothing offered to excuse the conduct of the attorney in this case." She pointed out some inconsistencies between Vieira's affidavit and his testimony. She also noted that Vieira "knew [attorney Megna] wasn't the attorney he normally dealt with on Rhode Island cases." Of particular concern to the trial justice, however, was the unexplained gap between the time Vieira received notice of the default and his retention of Rhode Island counsel to represent Centex in the matter.

The trial justice found Vieira's conduct to be "grossly negligent" because he never followed up on the case after he became aware of the default. The unexplained gap also "taints the credibility of his entire version of what occurred * * *." She proclaimed that:

"What occurred between the end of July and September 12 is a mystery at best. It is unexplained neglect. And I can only conclude that it is of the—it is the type of neglect on the part of the defendant, even if also on the part of his then attorney, that would preclude me from granting the motion to vacate the default, because when I look at the facts and circumstances before me, I do not feel that good cause has been shown with respect to the delay in dealing with this matter."

After carefully reviewing the decision we cannot say that the trial justice abused her discretion in denying the defendant's mo-

tion to vacate the judgment. The record reveals that Centex provided no showing of good cause to justify vacating the entry of default.

The defendant's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers in the case are remanded to the Superior Court.