December 8, 2021

**Supreme Court**

No. 2019-483-M.P.
(PC 17-5302)

|                                          |   |
|------------------------------------------|---|
| Shell Ferris                             | : |
| v.                                       | : |
| Progressive Casualty Insurance Company et al. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Shell Ferris          :

v.          :

Progressive Casualty Insurance          :
  Company et al.

Present:  Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ.

**O P I N I O N**

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court on November 2, 2021, pursuant to a writ of certiorari seeking review of a Superior Court order denying the motion to vacate entry of default by the defendant, Progressive Casualty Insurance Company (defendant or PCIC).  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

**Facts and Travel**

The plaintiff, Shell Ferris, was involved in a motorcycle accident in Smithfield, Rhode Island in October 2016.  The plaintiff alleges that an unidentified

motor vehicle pulled out in front of him, causing him to lose control of his motorcycle. As a result of the accident, plaintiff's motorcycle was extensively damaged and plaintiff suffered lacerations and a shattered knee. At the time of the accident, plaintiff held a Rhode Island motorcycle insurance policy underwritten by another defendant in this case, Progressive Northern Insurance Company (Progressive Northern).

In January 2018 a representative from "Progressive Claims" informed plaintiff in writing that his claim under the policy was denied because, based on their investigation, it had been found that plaintiff was responsible for the accident. On October 12, 2018, plaintiff filed an amended Superior Court complaint[1] against PCIC and Progressive Northern, alleging that he "was an insured by virtue of his contracts with" PCIC and Progressive Northern and that their denial of his uninsured motorist claims was unreasonable and made in bad faith.

On October 17, 2018, a licensed constable served a copy of the summons and amended complaint upon Tiffany Welch, an employee of PCIC, at PCIC's office located at One Coastway Boulevard in Warwick, Rhode Island. The defendant failed to timely answer the complaint, and plaintiff filed an affidavit and request for entry

---

[1] The plaintiff had instituted the Superior Court action on November 3, 2017, by filing a complaint against various "John Doe" defendants.

of default. Default entered against both PCIC and Progressive Northern on November 8, 2018.

Forty-two days later, on December 20, 2018, PCIC and Progressive Northern moved to vacate default. In support of the motion as it related to PCIC, defendant argued that it "has nothing to do with this matter and is not and has never been the plaintiff's insurer." PCIC maintained that plaintiff's motorcycle insurance policy was issued by Progressive Northern, a "completely distinct and separate corporate entit[y]." The defendant contended that the default that had entered against PCIC could not "be sustained given its utter lack of connection to this matter and the plaintiff's resultant lack of standing to maintain a claim against PCIC."

The hearing justice denied the motion without prejudice, finding that defendant had not met the applicable standards to vacate default under Rule 55(c) of the Superior Court Rules of Civil Procedure.[2] She found that plaintiff had properly served defendant and that defendant had failed to show "any indication of the circumstances excusing the failure to plead or otherwise defend." The hearing justice suggested that defendant should find out "what it is that they did once Tiffany

---

[2] The hearing justice determined that service was not properly carried out upon Progressive Northern in accordance with Rule 4(e)(3) of the Superior Court Rules of Civil Procedure, and she granted Progressive Northern's motion to vacate default. The record reflects that discovery is proceeding in the Superior Court on plaintiff's claim against Progressive Northern.

Welch accepted service on behalf of PCIC, and * * * find out why it is that they failed to plead or otherwise defend."

Eight months later, the hearing justice entertained a motion by PCIC to reconsider and to vacate entry of default. The defendant did not provide the hearing justice with any additional affidavits. The hearing justice denied the motion to reconsider and to vacate entry of default, finding again that PCIC failed to show cause to excuse its failure to plead or defend. Thereafter, defendant filed a petition for writ of certiorari with this Court, which we granted on June 12, 2020.

**Standard of Review**

A motion to vacate default "is addressed to the [sound] discretion of the [trial justice] and * * * will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law." *Clark v. Dubuc*, 486 A.2d 603, 604 (R.I. 1985) (quoting *Prudential Investment Corporation v. Porcaro*, 115 R.I. 117, 120, 341 A.2d 720, 722 (1975)); *see Reyes v. Providence Place Group, L.L.C.*, 853 A.2d 1242, 1246 (R.I. 2004) ("We review a Superior Court entry of default for abuse of discretion or error of law."). This Court has recognized that "the appropriate standard for the Superior Court to apply on a motion to vacate default before judgment on the default has been entered is the 'good cause' standard under Rule 55(c)." *Reyes*, 853 A.2d at 1247.

**Discussion**

Before this Court, PCIC asserts that the hearing justice erred in denying its motion to vacate entry of default because, it contends, there was good cause to set aside the entry of default. Specifically, defendant maintains that its lack of connection to the underlying insurance policy is a sufficient indicator of good cause and that the hearing justice erred when she searched the record "for a comprehensive explanation of what caused the delay[.]"

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default * * *." This Court has recognized "additional grounds upon which a motion to vacate default may be granted[.]" *Reyes*, 853 A.2d at 1247. Specifically, the Court has developed a three-prong test, whereby the defaulting party must show "that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." *Id.* (quoting *Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan*, 517 A.2d 1035, 1036 (R.I. 1986)). However, in any case, "the defaulting party must show * * * *circumstances* excusing the failure to plead or otherwise

defend[.]" 1 Robert B. Kent et al., *Rhode Island Civil and Appellate Procedure* § 55:5, VII-510 (West 2020).[3]

Here, we discern no error with the hearing justice's finding that PCIC utterly failed to present evidence "of the circumstances excusing the failure to plead or otherwise defend." The only relevant evidence as to what happened after PCIC was served with the summons and complaint is Welch's affidavit. Welch admitted that the signature on the summons and complaint was hers, and she stated in her affidavit that her usual practice when she accepts a delivery is to "leave it on the receptionist's desk." She stated, "I do not know what happens to it after that." Counsel for defendant admitted to the hearing justice that he could not "say that there is" any indication of the circumstances excusing the failure to plead or defend in the affidavits submitted to the court on the motion to vacate entry of default. Even after

---

[3] The defendant, before both the Superior Court and this Court, relies heavily on its alleged lack of connection to the underlying cause of action to excuse its failure to plead or defend. However, regardless of whether that constitutes a meritorious defense against plaintiff's claims, Rule 55(c) of the Superior Court Rules of Civil Procedure requires a defendant to show, from the outset, circumstances excusing its failure to plead or defend. *See* 1 Robert B. Kent et al., *Rhode Island Civil and Appellate Procedure* § 55:5, VII-510 (West 2020). After such a showing, the trial court may consider whether those circumstances are not the result of gross neglect, whether the nondefaulting party will be substantially prejudiced, *and* whether the defaulting party has a meritorious defense. *See Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan*, 517 A.2d 1035, 1036 (R.I. 1986). Thus, PCIC cannot simply rely on its allegedly meritorious defense to excuse its failure to plead or defend. The defendant was obligated to offer the hearing justice an explanation as to why it failed to plead or otherwise defend against plaintiff's complaint.

the hearing justice gave defendant the opportunity to further investigate what transpired and reargue its motion, PCIC failed to present additional affidavits, and PCIC's counsel told the hearing justice, "[W]e don't know * * * what specifically happened, and we couldn't commit somebody to an affidavit * * *."

The only explanation offered by defendant for its failure to timely plead or defend was offered by counsel during the hearing on the motion to reconsider. Counsel surmised that an "administrative error" occurred and that the complaint "was essentially put into the system and eventually routed to [the attorney's] office." However, "statements of counsel made in the course of argument, whether written or oral, do not constitute evidence[.]" *Wood v. Ford*, 525 A.2d 901, 903 (R.I. 1987).

We also conclude that the hearing justice did not "disregard[] * * * other indicia of good cause to include anomalies in service of process," as argued by defendant before this Court. The defendant argued to the hearing justice that plaintiff failed to properly serve PCIC in accordance with Rule 4(e)(3), and the hearing justice flatly rejected that argument. She found that the office located at One Coastway Boulevard was an office of defendant and that Welch was an employee authorized to accept service. The defendant has not sought review of that determination, and thus we will not consider it. *Cf. Retirement Board of Employees' Retirement System v. Randall*, 249 A.3d 629, 635 (R.I. 2021) (declining to review a factual determination of the Superior Court when no appeal was taken). A defendant

should not, at least in the context of a motion to vacate default, attempt to hide the ball. If defendant believed that it had reason to appeal or otherwise seek review of the hearing justice's ruling of proper service, it should have done so.[4] We will not permit that issue to obscure our good-cause analysis.

Ultimately, the hearing justice appropriately concluded that the only competent evidence she had before her was that Welch, upon receiving a delivery, normally leaves the delivery on the receptionist's desk. This fails to manifest sufficient circumstances that would show good cause to excuse the defendant's failure to plead or defend. *See R.C. Associates v. Centex General Contractors, Inc.*, 810 A.2d 242, 245 (R.I. 2002) (affirming the denial of a motion to vacate default judgment where the affidavit presented to the court was vague, misleading, and failed to explain a five-month delay in moving to vacate default). The hearing justice provided the defendant with every opportunity to show good cause to justify vacating the entry of default, and she certainly did not abuse her discretion in denying the defendant's motion.

---

[4] We pause to note that the record reflects that two licensed Rhode Island constables, including the president of the Rhode Island Independent Constables Association, submitted affidavits relevant to their experiences serving defendant. Both attested that, in their combined thirty-two years of experience, PCIC "has [n]ever raised the issue of failure to have the authority to accept service" at the PCIC office located at One Coastway Boulevard in Warwick, Rhode Island.

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court. The record shall be returned to the Superior Court with our decision endorsed thereon.

Justice Long did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Shell Ferris v. Progressive Casualty Insurance Company et al. |
| **Case Number** | No. 2019-483-M.P.<br>(PC 17-5302) |
| **Date Opinion Filed** | December 8, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Lynch Prata, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>George P. Microulis, Esq.<br>Merrill J. Friedemann, Esq. |
| | For Defendant:<br><br>Todd J. Romano, Esq.<br>Patricia A. Buckley, Esq. |