Aram K. Berberian *vs.* Laure B. Lussier, *Registrar of Motor Vehicles.*

MARCH 26, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a bill in equity wherein the complainant seeks to enjoin the registrar of motor vehicles from suspending his operator's license because of his failure to deposit security with the registrar as provided in general laws 1956, title 31, chapter 32, sometimes hereinafter referred to as the financial responsibility act. The cause was heard by a justice of the superior court who thereafter denied the prayer for injunctive relief and dismissed the bill. From the entry of a decree pursuant to that decision, the complainant has appealed to this court.

The provisions of the act which are pertinent to the issues raised herein are set out in §§31-32-1 and 31-32-2. Under the terms of §31-32-1 the operator of a motor vehicle which has been involved in an accident is required to make a report concerning such accident to the registry of motor vehicles. It is also provided therein that unless such operator has, within a prescribed period, filed with the registry evidence that he has been released from liability for injuries or damages resulting from the accident, the registry "shall

determine the amount of security which shall be sufficient in its judgment to satisfy any judgment or judgments for damages resulting from such accident * * *." It is further provided in §31-32-3 that after the lapse of another prescribed period of time the registry shall "suspend the license of each operator * * * unless such operator * * * shall deposit security in the sum so determined by the registry * * *." In §31-31-6 provision is made for judicial review of the action of the registry.

It is not disputed that complainant was involved in an automobile accident in the city of Providence on February 1, 1957. He concedes that he did not file evidence of financial responsibility with the registry and that after having been given proper notice he has refused to deposit security in an amount designated by the registry.

The complainant's position is that the act is violative of the provisions of the federal and state constitutions relating to due process, equal protection and division of the powers of government. With respect to due process of law he claims that the act deprives him thereof in that it authorizes a suspension of his license without a prior hearing and without a showing of negligence on his part.

We considered the question of whether a license to operate a motor vehicle is property within the meaning of the constitutional prohibition in the case of *LaPlante* v. *State Board of Public Roads*, 47 R. I. 258, and we concluded that a suspension of such a license without a prior hearing was not violative of the due process clauses because it was neither property nor a contract. The complainant now seeks to have that case overruled on the ground that, even though it be not property within the constitutional purview, such a license partakes of the nature of a common right or liberty which is within the constitutional limitation. The state, on the other hand, contends that the law as stated in the *LaPlante* case should be continued as the law in this jurisdiction.

We have, however, come to the conclusion that we can no longer completely subscribe to the proposition for which the *LaPlante* case stands. The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the right to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the constitutional guarantees of which the citizen may not be deprived without due process of law. In *State* v. *Dalton*, 22 R. I. 77, at page 86, this court pointed out that the *liberty* which is guaranteed to every person by both our state and federal constitutions includes the right to be free from unreasonable interference in the pursuit of a livelihood. In the *Dalton* case at page 86, quoting from *People* v. *Gillson*, 109 N. Y. 389, at page 399, we stated: " 'Liberty, in its broad sense, as understood in this country, means the right not only of freedom from servitude, imprisonment, or restraint, but the right of one to use his faculties in all lawful ways, to live and work where he will, to earn his livelihood in any lawful calling, and to pursue any lawful trade or avocation.' " The Court of Appeal of Louisiana in the case of *Hughes* v. *Department of Public Safety*, 79 So.2d 129, recognized that although an operator's license was not a property right, it was a right which was protected by the due process clause. In that case the court stated at page 130: "A license to operate a vehicle upon the highways of the State is a privilege and not a property right, although the State may not deny this privilege to any of its citizens arbitrarily or capriciously." The proposition that a license to operate motor vehicles and to use them on the public highways is something more than a mere privilege was also recognized in *Thompson* v. *Smith*, 155 Va. 367, and in *Escobedo* v. *State Department of Motor Vehicles*, 35 Cal. 2d 870.

Whatever may be its nature, the right to use the public highways for travel by motor vehicles is one which properly

can be regulated by the legislature in the valid exercise of the police power of the state. Financial responsibility statutes have been held to constitute a reasonable regulation of the public highways and a proper measure for protecting the public safety. *Ballow* v. *Reeves,* Ky., 238 S.W.2d 141. The question of whether the financial responsibility act violates the due process clauses of the federal and state constitutions depends upon whether the legislature enacted it in a valid exercise of the police power, since a proper exercise of such power is not violative of the fourteenth amendment of the federal constitution even though protected interests are affected. 2 Cooley's Constitutional Limitations (8th ed.), p. 1235.

Where the purpose of an act is to protect the public using the highways from financial hardship resulting from the operation of motor vehicles by persons financially irresponsible, it is referable to the police power of the state. This power is inherent in sovereignty and permits the enactment of laws, within constitutional limits, to promote the general welfare of the citizens. *Hadden* v. *Aitken,* 156 Neb. 215; *Rosenblum* v. *Griffin,* 89 N. H. 314.

It is clear that the purpose of the instant statute is to promote the welfare of the public by minimizing the hardship flowing from the financial irresponsibility of users of the highways who are involved in accidents, and to accomplish that the state may, in the valid exercise of the police power, prescribe uniform regulations concerning the establishment of financial responsibility as a condition precedent to the lawful operation of motor vehicles upon its highways. It is our opinion that the financial responsibility act is not violative of the due process clause of either the federal or state constitution.

The complainant's contention that the act is unconstitutional in that it provides for no prior hearing on the question of suspension of his license is without merit. It is well settled that the concept of due process of law does not

necessarily require the granting of a hearing prior to the taking of official action in the exercise of police power. *Wall* v. *King,* 206 F.2d 878. The legislature may, where a *compelling public interest* justifies the action, provide for summary action subject to later judicial review of the validity thereof. *Yakus* v. *United States,* 321 U. S. 414, at page 442; *Escobedo* v. *State Department of Motor Vehicles,* 35 Cal. 2d 870. It is our opinion that the provisions of G. L. 1956, §31-31-6, providing for a judicial review of the action of the registry meet the test set out in the *Yakus* case. The compelling public interest exists in the necessity of alleviating the financial hardship that results to some users of the highway by reason of the financial irresponsibility of other users thereof.

The complainant further contends that the financial responsibility act violates the equal protection clause of the federal constitution. As we understand him, he argues that said act fails to meet the constitutional requirement of equality because it provides for the suspension of the license of operators who are blameless in the case of accidents as well as those who are guilty of carelessness, and it allows a reckless operator to remain on the highway after he has caused damage if he provides financial security. He further argues that said act is discriminatory in that it exempts from its scope the owners of vehicles which are legally parked and also those who own twenty-five or more vehicles. Equal protection in its guarantee of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purposes sought to be achieved by the legislation involved.

It is clear that the legislation which applies equally to all in a reasonably designated group is neither discriminatory nor class legislation. Under the clear wording of the act it applies to all operators or owners of motor vehicles

234

who are involved in accidents involving personal injuries to one other than the driver of the car. Similar provisions were held to be constitutional and not violative of the equal protection clause in *Doyle* v. *Kahl*, 242 Iowa 153, 159, *Rosenblum* v. *Griffin*, 89 N. H. 314, and *Hadden* v. *Aitken*, 156 Neb. 215. We think that the exemptions in the act are reasonably related to the purpose for which the legislation was enacted and that therefore the argument that such provisions cause it to violate the equal protection clause is without merit.

The complainant also contends that the financial responsibility act violates article X, section 1, of the state constitution in that it attempts to confer upon an officer in the executive branch of the government a judicial function in authorizing the registry to suspend licenses and registrations and to fix the amount of security required under the act. We do not perceive that this contention has any substantial merit. The nature of the judicial power contemplated by this article of the constitution has been discussed by us on several occasions. In *G. & D. Taylor & Co.* v. *Place*, 4 R. I. 324, at page 336, this court stated: "* * * it may safely be said, that to hear and decide adversary suits at law and in equity, with the power of rendering judgments and entering up decrees according to the decision, to be executed by the process and power of the tribunal deciding, or of another tribunal acting under its orders and according to its direction, *is* the exercise of *judicial* power, in the constitutional sense * * *." See also *Gorham* v. *Robinson*, 57 R. I. 1, at page 18.

In the instant case the legislature, in conferring authority upon the registry to suspend the license and to determine the amount of surety to be required, was enacting regulations within the act in an exercise of its police power. It is basic that the legislature may delegate the execution of regulations promulgated by them to any board or body that they may deem advisable. *State* v. *Nelson*, 31 R. I.

264, 269. The fact that some discretion must be exercised in executing the regulations does not make such discretion an exercise of the judicial power within the purview of the constitution. Similar provisions in the acts adopted in other states have been held not to violate the constitutional provisions relating to the separation of power. *Hadden* v. *Aitken,* 156 Neb. 215, and cases cited therein.

It is our opinion that the provisions of the act requiring the registry to suspend licenses and to determine the amount of security to be deposited to avoid suspension does not constitute a delegation of judicial power so as to be repugnant to the constitutional prohibition.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram K. Berberian, Harold W. Demopulos,* for complainant.

*William E. Powers,* Atty. Gen., *Archie Smith,* Ass't Atty. Gen., for respondent.

*Arthur A. Thomas, Joseph A. Kelly; Charles C. Collins* and *Ross D. Netherton,* of Washington, D. C. Bar; *Joseph H. Braun, Hugh Neill Johnson* and *Robert G. Corbett,* of Illinois Bar, as amicus curiae.