LOUIS VELLETRI *vs.* LAURE B. LUSSIER, *Registrar of Motor Vehicles.*

FEBRUARY 20, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This is a petition for reinstatement of an automobile operator's license which was denied by the registrar of motor vehicles. Following such denial an appeal was taken to the superior court and after a hearing thereon the trial justice entered a decree affirming the action of the registrar. The cause is before us on the petitioner's appeal from that decree.

On October 29, 1957 petitioner was the operator of a motor vehicle which was involved in a collision with another vehicle in the city of Providence. He failed to file evidence of financial responsibility or to deposit security with the registry as required by general laws 1956, §31-32-3, of the financial responsibility act, so called. On December 31, 1957 the registrar suspended petitioner's operator's license in accordance with the provisions of said act. On March 10, 1958 the instant petition was filed seeking reinstatement of the license.

In *Berberian* v. *Lussier*, 87 R. I. 226, 139 A.2d 869, this court recently considered a broad attack upon the constitutionality of the aforesaid financial responsibility act upon allegations somewhat similar to those contained in the instant petition. In that case we held that the statute was not inconsistent with the requirements of due process, of equal protection of the laws, or of the doctrine of separation of powers, and at page 871 we stated the legal issues as follows: "With respect to due process of law he [complainant] claims that the act deprives him thereof in that it authorizes a suspension of his license without a prior

354

hearing *and without a showing of negligence on his part."* (italics supplied)

After noting that the act is consistent with due process of law providing that it is a valid exercise of the police power, we held at page 872: "Where the purpose of an act is to protect the public using the highways from financial hardship resulting from the operation of motor vehicles by persons financially irresponsible, it is referable to the police power of the state. This power is inherent in sovereignty and permits the enactment of laws, within constitutional limits, to promote the general welfare of the citizens."

The petitioner's contentions in the instant case can best be summarized by reference to the following statement in his brief: "The Registrar of motor vehicles must find at least a showing of negligence on the part of the licensee, either prior to or subsequent to the suspension of his license * * *." The petitioner does not now ask this court to reconsider the recent decision in the *Berberian* case, and in our opinion such reconsideration is not necessary or appropriate at this time with regard to the specific portion of the statute under consideration. The petitioner urges, however, that since we did not specifically discuss the present argument in the *Berberian* case, the question is still open for decision. We do not agree with this contention.

The conclusion that a finding of negligence by the registrar is not necessary to the constitutional validity of the financial responsibility act was essential to the decision in the *Berberian* case. The question was raised therein and was specifically referred to in the opinion. The decision in that case could not have been reached if the contention here urged had not been rejected. Furthermore, it is our view that the reasoning in the *Berberian* case clearly embraces by implication the question of culpability as a prerequisite to license suspension.

It is clear beyond question that this court is not required

to specifically discuss each and every argument presented to it. In our judgment a conclusion upon the issue raised herein was implicit in the decision in the *Berberian* case and in the reasoning of the opinion therein. Since the petitioner does not ask us to reconsider that decision and since we are of the opinion that it would be inconsistent with sound judicial policy to do so, further discussion of the merits of this appeal is unnecessary.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Archie Smith,* Assistant Attorney General, for respondent.