PETER COSTAKOS *vs.* ROMEO D. ASSELIN, REGISTRAR.

JULY 21, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a bill in equity praying that the respondent's order suspending the complainant's motor vehicle operator's license be vacated and that the respondent be ordered to reinstate such license. After a hearing before a justice of the superior court on the respondent's demurrer to the bill, a final decree was entered sustaining the demurrer and denying and dismissing the bill. The cause is before us on the complainant's appeal from such decree.

The hearing in the superior court was treated by the parties as a hearing on the merits. In considering the appeal we shall do likewise. It appears from the record that com-

plainant was charged with operating a motor vehicle on December 26, 1959 at an unreasonable rate of speed in violation of general laws 1956, §31-14-1, which provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

The parties have stipulated that complainant was charged with driving at a speed "alleged to have been twenty miles or more per hour greater than is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing." He pleaded nolo contendere in the district court of the fifth judicial district, was adjudged guilty, and fined $25. He thereupon claimed an appeal from such action to the superior court. While such appeal was pending in that court, respondent suspended complainant's driving license for thirty days in accordance with G. L. 1956, §31-11-18 (5), as amended by public laws 1959, chap. 190. The parties have agreed that in taking such action respondent relied solely on the following provisions of §31-11-18, as amended: "In addition to any other penalty imposed by this title, the registry shall suspend or revoke, for the periods hereinafter enumerated, the license of any chauffeur or operator who shall before any court of this state plead guilty or nolo contendere to or shall be found guilty or probably guilty of either of the following offenses: * * * (5) Driving a vehicle on a public highway at a speed twenty (20) miles or more per hour greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing * * * 30 days."

The bill alleges in substance that the finding of guilt upon which any suspension may be lawfully predicated by respondent under §31-11-18 (5) must be a final conviction, and that therefore the registrar cannot lawfully suspend a motor vehicle operator's license under said section pending

an appeal from a finding of guilt by the district court. The respondent demurred to the bill on the ground that it does not appear from the allegations therein that any right of complainant had been violated by respondent's action.

In sustaining the demurrer the trial justice interpreted the language of §31-11-18 (5) literally and concluded that the legislature clearly intended to provide for a mandatory suspension by the registry in the event of a conviction in the district court, notwithstanding the filing of an appeal and a claim for a trial by jury. In our opinion his decision was not in error.

The language of the pertinent section is clear and unambiguous and therefore requires no judicial construction. *State* v. *Duggan,* 15 R. I. 403, 409; *Weimar* v. *Newman,* 78 R. I. 221, 226. A careful reading of the section clearly indicates the intent to set up a standard to guide the registry in carrying out the powers delegated to it by the legislature. It is equally clear that the legislature intended to prescribe a mandatory suspension by the registry of the license of any person who, in *any court* of this state, *pleads guilty* or *nolo contendere* or is *found guilty* of any of the offenses enumerated in the act. There is no language therein from which it can reasonably be inferred that the legislature intended that the power of the registry to suspend is predicated upon a final conviction. As was said in *Hathaway* v. *Hathaway,* 52 R. I. 39, at page 41, "When a statute is clear and certain in its meaning rules of construction should have no application and courts are not permitted to search for its meaning beyond the statute itself."

It is well settled that the right to use the public highways for travel by motor vehicles is one which properly can be regulated by the legislature in the valid exercise of the police power of the state. *Berberian* v. *Lussier,* 87 R. I. 226, 139 A.2d 869, 872. In §31-31-6 provision is made for judicial review of the action of the registry. Therefore there is no merit in complainant's contention that a suspension pending

an appeal from a finding of guilt by the district court deprives him of his "liberty" without due process of law. *Berberian* v. *Lussier, supra.*

It may be pertinent to point out that the statute under consideration does not deprive the complainant of his constitutional right to a trial by jury for the criminal offense with which he was charged. However, with respect to his right to operate a motor vehicle upon the public highways, the legislature, acting within its powers, saw fit to provide for a mandatory suspension upon the happening of the events set forth in §31-11-18, namely, a plea of guilty or nolo contendere or a finding of guilt before any court of this state. In the circumstances the legal effect of the appeal in the criminal case is not pertinent to the issue before us, and we do not deem it necessary to consider the complainant's contention that the taking of an appeal in that case from the finding of guilt by the district court operates to vacate the decision of said court.

The interlocutory order entered by this court directing the respondent to reinstate the complainant's motor vehicle operator's license pending our decision is vacated.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for complainant.

*J. Joseph Nugent,* Atty. Gen., *Francis J. Fazzano,* Ass't Atty. Gen., for respondent.