374 A.2d 791 (1977)
Trevellan C. BERBERIAN, P.A.
v.
Eugene P. PETIT, Jr., Registrar of Motor Vehicles.
No. 76-51-Appeal.
Supreme Court of Rhode Island.
June 21, 1977.
*792 Aram K. Berberian, Cranston, for plaintiff.
Stephen F. Mullen, Chief Legal Counsel, Providence, for defendant.

OPINION
JOSLIN, Justice.
In 1974, Trevellan C. Berberian, then age 13, commenced this civil action in the Superior Court through his father as next friend. He alleges that the defendant Registrar of Motor Vehicles, in reliance on the age limitations fixed by G.L.1956 (1968 Reenactment) §§ 31-10-3(1)[1] and 31-10-6[2] and without consideration of his capabilities, will refuse either to issue him a learner's permit, or to allow him to take the written examination and the road test prescribed *793 by §§ 31-10-21[3] and 31-10-22,[4] respectively as preconditions to the issuance of a license to operate a motor vehicle. He claims that these age limitations violate his right to due process and equal protection as guaranteed by the fourteenth amendment to the Federal Constitution, and he seeks a judgment declaring unconstitutional the statutes establishing 16 as the minimum age of eligibility.
In the Superior Court defendant was defaulted by reason of his failure to plead or otherwise defend, but no default judgment was entered. More than a year later, a trial justice removed the default, granted defendant's Super.R.Civ.P. 12(b)(6) motion to dismiss the action holding that the Legislature did not exceed its prerogatives in establishing an age limitation even though the selected limit might not correspond perfectly with the abilities of particular individuals. The plaintiff appealed.
At the threshold is the procedural question raised by the removal of the default. For the purpose of resolving that issue we assume, but do not decide, that the state or an officer or agency thereof can be defaulted in a declaratory judgment action in which constitutionality of a statute has been drawn into question. Under Super.R. Civ.P. 55(c)[5] the only showing required for removing that default was "good cause" and not the "mistake, inadvertence, surprise, or excusable neglect" showing which would have been demanded under Super.R. Civ.P. 60(b), had the default been followed by the subsequent entry of a final judgment. And "where there are no intervening equities any doubt [about the existence of good cause,] should, as a general proposition, be resolved in favor of the movant to the end of securing a final trial upon the merits." 6 Moore, Federal Practice ¶ 55.-10[1], at 55-235 to -236 (2d ed. 1976). The trial justice in this case resolved whatever doubts he may have had in favor of the movant, and we are not prepared to say that in so doing he abused his discretion.
In assessing plaintiff's equal protection claim, we begin with the principle that a strict judicial scrutiny of a legislative classification is mandated only if that classification "impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524 (1976).[6] We have found nothing in the Supreme Court's decisions lending any support to plaintiff's contention that the class of potential motor vehicle operators under 16 constitutes a suspect *794 class within equal protection contemplations. Certainly, it has not been "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16, 40 (1973). While the treatment of youth may not be wholly free of discrimination, clearly "such persons, unlike, say, those who have been discriminated against on the basis of race or national origin, have not experienced a `history of purposeful unequal treatment' or been subjected to unique disabilities on the basis of stereotyped characteristics not truly indicative of their abilities." Massachusetts Bd. of Retirement v. Murgia, supra, 427 U.S. at 313, 96 S.Ct. at 2566-67, 49 L.Ed.2d at 525. Indeed, the statutes complained of do no more than draw a line at a stage of an individual's development, and though they are such as to impose a penalty on those falling within the class, they do "not impose a distinction sufficiently akin to those classifications that we have found suspect to call for strict judicial scrutiny." Id. at 314, 96 S.Ct. at 2567, 49 L.Ed.2d at 525.[7]
It is equally clear that the right to operate a motor vehicle is not a fundamental right. The importance of that right to the individual in modern society does not determine whether it is to be regarded as fundamental for the purpose of review under the equal protection clause. San Antonio Independent School Dist. v. Rodriguez, supra, 411 U.S. at 30, 93 S.Ct. at 1295, 36 L.Ed.2d at 41. For equal protection purposes, only rights explicitly or implicitly guaranteed by the Federal Constitution are fundamental. Id. at 33-34, 93 S.Ct. at 1297, 36 L.Ed.2d at 43. The right to operate a motor vehicle is wholly a creation of state law; it certainly is not explicitly guaranteed by the Constitution, and nothing in that document or in our state constitution has even the slightest appearance of an implicit guarantee of that right. The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel, Shapiro v. Thompson, 394 U.S. 618, 629-31, 89 S.Ct. 1322, 1329, 22 L.Ed.2d 600, 612-13 (1969), is utterly frivolous.[8] The plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it. What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right.[9]
What remains for us to determine, then, is whether the establishment of a minimum age requirement for the operator of a motor vehicle "rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious *795 discrimination * * * ." San Antonio Independent School Dist. v. Rodriguez, supra, 411 U.S. at 17, 93 S.Ct. at 1288, 36 L.Ed.2d at 33. It is our judgment, as it was the trial justice's, that the state has a legitimate interest in preventing the operation of motor vehicles by those unable to exercise mature judgment, that individualized testing for maturity in this context is a practical impossibility and that in the interest of highway safety a line had to be drawn somewhere. Such a line is necessarily inexact; it may well exclude some qualified individuals. Where rationality is the test, however, "a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491, 501 (1970). With these principles in mind we conclude that the Legislature did not act irrationally or unreasonably when it selected 16 as the minimum age for obtaining an operator's license or a learner's permit.[10]
The plaintiff's due process challenge was neither briefed nor argued and therefore is deemed to have been waived.
The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.
NOTES
[1] General Laws 1956 (1968 Reenactment) § 31-10-3(1) provides in pertinent part:

"The registry shall not issue any license hereunder:
(1) To any person, as an operator, who is under the age of sixteen (16) years * *."
[2] General Laws 1956 (1968 Reenactment) § 31-10-6 provides:

"Instruction permitsSchool training programs. Any person who is at least sixteen (16) years of age may apply to the registry for an instruction permit. The registry may, after the applicant has successfully passed all parts of the examination other than the driving test issue to the applicant an instruction permit * * *."
[3] General Laws 1956 (1968 Reenactment) § 31-10-21 provides:

"Examination as to laws and operation of vehicles.Every applicant for a license to operate a motor vehicle upon the public highways shall be required by the registry to show, by examination or otherwise, ability to read and understand highway signs regulating, warning, and directing traffic, the proper knowledge of the operation and mechanism of motor vehicles, the rules of the road, the motor vehicle law, and such other qualifications as will demonstrate that such applicant is a proper and safe person to operate a motor vehicle upon the public highways. Such examination shall include a test of applicant's eyesight."
[4] General Laws 1956 (1968 Reenactment) § 31-10-22 provides:

"Road testing of applicants.All applicants for a motor vehicle license shall pass a motor vehicle road test as prescribed by the registrar in a motor vehicle supplied by the applicant or in a dual controlled motor vehicle supplied by the state, except in the case of examination for a chauffeur to operate a truck, tractor, trailer, tractor semitrailer, bus or other vehicle for hire or a person who will operate only a vehicle equipped with automatic shift or a person who is handicapped and requires the use of a specially equipped motor vehicle, such persons to be examined in vehicles furnished by them."
[5] Super.R.Civ.P. 55(c) states:

"(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."
[6] In Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the Supreme Court held that a statute requiring retirement of uniformed state police officers at age 50 does not violate equal protection.
[7] In Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312 n. 4, 96 S.Ct. 2562, 2566 n. 4, 49 L.Ed.2d 520, 524 n. 4 (1976), the Supreme Court gave as examples the kinds of classifications found to be suspect the following:

"E. g., Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964) (race); Oyama v. California, 332 U.S. 633, 68 S.Ct. 269, 92 L.Ed. 249 (1948) (ancestry)."
[8] The kinds of rights which have been deemed fundamental are set out in Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312 n. 3, 96 S.Ct. 2562, 2566 n. 3, 49 L.Ed.2d 520, 524 n. 3 (1976), include the following:

"E. g., Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (right of a uniquely private nature); Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972) (right to vote); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right of interstate travel); Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (rights guaranteed by the First Amendment); Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942) (right to procreate)."
[9] "Whatever may be its nature, the right to use the public highways for travel by motor vehicles is one which properly can be regulated by the legislature in the valid exercise of the police power of the state." Berberian v. Lussier, 87 R.I. 226, 231-32, 139 A.2d 869, 872 (1958).
[10] Examples of age classifications that have withstood equal protection of attacks because the classification was reasonable in light of legitimate state interests include the following: Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520, 525-26 (1976) (mandatory retirement of police officers at age 50); United States v. Duncan, 456 F.2d 1401, 1405 (9th Cir. 1972) (18- to 21-year-olds excluded from jury service); Universal Film Exchanges, Inc. v. City of Chicago, 288 F.Supp. 286, 291-92 (N.D. Ill.1968) (censorship ordinance regarding persons under 18); In re Nancy C., 28 Cal.App.3d 747, 756-57, 105 Cal.Rptr. 113, 120 (1972) (loitering ordinance applicable only to minors under 18); Lopez v. Motor Vehicle Div., Dep't of Revenue, Colo., 538 P.2d 446, 449 (1975) (drivers 18 to 21 allowed fewer traffic violations than older drivers before suspension of license); Doran v. Cullerton, 51 Ill.2d 553, 559-60, 283 N.E.2d 865, 868 (1972) (homestead exemption for persons over 65); Wurtzel v. Falcey, 69 N.J. 401, 403-05, 354 A.2d 617, 618-19 (1976) (minimum age of 21 for candidates for certain elective offices); State ex rel. Harvey v. Morgan, 30 Wis.2d 1, 8-10, 139 N.W.2d 585, 587-88 (1966) (tax relief for needy persons 65 or older).