STATE

v.

Grant GARVIN.

No. 2007–135–Appeal.

Supreme Court of Rhode Island.

April 29, 2008.

Aaron Weisman, Esq., Providence, for petitioner.

Robert J. Healey, Jr., Esq., for respondent.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, Grant Garvin (defendant), appeals from a judgment of conviction, after a jury-waived trial in the Superior Court, for operating a motor vehicle without a driver's license, in violation of G.L. 1956 § 31–11–18. The defendant asserts on appeal that the Superior Court lacked jurisdiction to hear this case.

## I

### Facts and Travel

The facts of this case are not in dispute. On October 20, 2004, an East Providence police officer noticed a vehicle with a nonfunctioning third brake light, operated by defendant, traveling on Pawtucket Avenue. After pulling over the car, the officer asked defendant for his driver's license and vehicle registration. The defendant admitted to the officer that he never had applied for a Rhode Island driver's license. After confirming that the Registry of Motor Vehicles had no records of defendant, the officer issued defendant a summons to appear before the District Court.

The defendant was convicted of operating a motor vehicle without a license in the District Court on May 31, 2005; he took an immediate appeal to the Superior Court. Before the trial started in the Superior Court, defendant filed a motion to dismiss for lack of jurisdiction in accordance with Rule 12(b) of the Superior Court Rules of Criminal Procedure. The trial justice denied that motion at a pretrial hearing, and trial commenced eight days later.

The only testimony at defendant's trial was from the East Providence police officer responsible for the initial stop and issuance of the summons. After the state rested, defendant filed a motion to dismiss due to insufficient evidence pursuant to Rule 29(b) of the Superior Court Rules of Criminal Procedure, presenting the same argument that he had offered in his pretrial motion to dismiss. The trial justice denied defendant's motion because "the State clearly had met its burden of * * * producing * * * evidence to support the elements of the charge."

The trial justice found defendant guilty of operating a motor vehicle without a driver's license, in violation of § 31–11–18. On August 9, 2006, the trial justice ordered defendant to pay the minimum possible fine, $250. The defendant timely appealed to this Court.

## II

### Analysis

On appeal, defendant challenges the Superior Court's jurisdiction in this case, claiming that the charging statute does not apply to him personally.[1] To support this assertion, defendant argues that he is a "sovereign state citizen" of the State of

---

1. In his brief, defendant appears at times to challenge the requirement under G.L. 1956 § 31–10–26(*l*) that he provide his Social Security number to obtain a driver's license. The defendant never has applied for or been denied a driver's license in this state, and he certainly was not charged under that statute. Thus, a challenge to that statute is not properly before this Court.

Rhode Island, and, as such, he has a fundamental right under the Ninth Amendment to the United States Constitution to travel without interference from the state.

## A

### Standard of Review

 "[T]his Court reviews *de novo* any determination pertaining to whether a defendant's constitutional rights have been infringed." *Moniz v. State,* 933 A.2d 691, 694 (R.I.2007) (citing *Burke v. State,* 925 A.2d 890, 892–93 (R.I.2007)). However, unless the party challenging a statute's constitutionality can "prove beyond a reasonable doubt that the act violates a specific provision of the constitution or the United States Constitution, this Court will not hold the act unconstitutional." *Mackie v. State,* 936 A.2d 588, 595 (R.I.2007) (quoting *Cherenzia v. Lynch,* 847 A.2d 818, 822 (R.I.2004)).

## B

### Jurisdiction

The defendant initially challenges the Superior Court's jurisdiction, arguing that the charging statute does not apply to him. The defendant does not challenge the Superior Court's jurisdiction over criminal appeals from the District Court, which is clear under G.L. 1956 § 12–22–1. Instead, defendant's argument is a constitutional challenge to the laws and/or regulations relating to the issuance of a Rhode Island driver's license.

 A challenge to the constitutionality of the charging statute does not equate to a challenge to the Superior Court's jurisdiction. The proper recourse for a defendant charged under an unconstitutional statute is a motion to dismiss based on the statute's unconstitutionality. *See, e.g., State v. Russell,* 890 A.2d 453, 458 (R.I.

2006) (Superior Court granted pretrial motion to dismiss based on unconstitutional over-breadth of the charging statute).

Thus, because defendant's arguments, though passionately made, do not address the issue of jurisdiction, we conclude that defendant's assertions concerning jurisdiction are without merit. Insofar as defendant has articulated a constitutional challenge under the misnomer of jurisdiction, we will address those arguments, as well.

## C

### Right to Travel

After reviewing defendant's brief to this Court, we agree with the trial justice that "the real question [presented], is whether the State of Rhode Island has the authority to require its inhabitants to apply for and be granted a driver's license before operating a motor vehicle within the State." The defendant asserts that the state's driver's-license requirement infringes on his fundamental right under the state and federal constitutions to travel unencumbered within the state. Thus, defendant argues that § 31–11–18 is unconstitutional because it declares it to be a misdemeanor for the offense of operating a motor vehicle on state highways without first obtaining a driver's license. The defendant's contentions are without merit.

 First, defendant does not have a fundamental right to unregulated travel by automobile within this state. "[T]his [C]ourt has expressly ruled that the right to operate a motor vehicle on the public highways is not a fundamental right." *Allard v. Department of Transportation,* 609 A.2d 930, 937 (R.I.1992) (citing *Berberian v. Petit,* 118 R.I. 448, 455 n. 9, 374 A.2d 791, 794 n. 9 (1977)). Moreover, this Court has long recognized that "the right to use the public highways for travel by motor vehicles is one which properly can be regu-

lated by the [L]egislature in the valid exercise of the police power of the state." *Berberian v. Lussier,* 87 R.I. 226, 231–32, 139 A.2d 869, 872 (1958).

Second, defendant's contention that his right to travel is subject to a strict scrutiny Ninth Amendment analysis and not a Fourteenth Amendment rational basis analysis because he is a "sovereign state citizen" is completely without merit.[2] *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (describing the same argument as "completely without merit and patently frivolous"); *United States v. Gerads,* 999 F.2d 1255, 1256 (8th Cir.1993) (rejecting as frivolous the defendants' contention that they were "not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' "); *United States v. Sloan,* 939 F.2d 499, 501 (7th Cir.1991) (noting that a defendant's "proposition that he is not subject to the jurisdiction of the laws of the United States is simply wrong"). Therefore, under Fourteenth Amendment due process analysis, this Court need determine only whether "a rational relationship exists between the provisions of [the statute] and a legitimate state interest." *Riley v. Rhode Island Department of Environmental Management,* 941 A.2d 198, 206 (R.I.2008) (quoting *Cherenzia,* 847 A.2d at 825). The defendant, therefore, bears the substantial burden of demonstrating that no rational relationship exists between the provisions of

§ 31–11–18 and some legitimate state interest. The defendant failed to meet his burden.

We do not hesitate to conclude that the state may prohibit unlicensed drivers from operating a motor vehicle on the state's public highways as a valid exercise of the state's police power. Furthermore, it is evident that § 31–11–18 is rationally related to the state's legitimate interest in maintaining the safety of its public thoroughfares. *See Berberian,* 118 R.I. at 455, 374 A.2d at 795 ("[T]he state has a legitimate interest in preventing the operation of motor vehicles by those unable to exercise mature judgment * * *."). We therefore conclude that § 31–11–18 is constitutional as applied to motor-vehicle operators on this state's public highways, including the defendant, regardless of his unwillingness to recognize the federal government.

### Conclusion

In light of the foregoing, we affirm the trial justice's judgment of conviction and remand the record to the Superior Court.

---

**2.** Even if strict scrutiny were the appropriate analytical tool (and it is not), we would not hesitate to hold that the driver's-license requirement would survive such an analysis.

The public safety benefits of that requirement are so enormous that they clearly outweigh the almost *de minimus* burden on the citizen of having to submit to the licensing process.