DECISION
These cases are before the Court on the defendants' motions to dismiss pursuant to Super. R. Crim. P. 12(b). The cases have been consolidated for the sole purpose of consideration of these motions.
 Facts and Travel
The defendants have been charged with refusal to submit to a chemical test, second offense, a misdemeanor under G.L. 1956 § 31-27-2.1 (b) (2) punishable by imprisonment for a term not exceeding six months and a fine not exceeding $1,000.00. First offense refusal is, by statute, a civil adjudication cognizable by the Rhode Island Traffic Tribunal and punishable by a fine and license suspension. Section 31-27-2.1 (b) (1). The defendants contend that § 31-27-2.1 (b) (2), to the extent that it permits conviction and punishment for a criminal offense to be predicated on a prior civil adjudication, violates the Sixth andFourteenth Amendments of the United States Constitution and Article I, section 10 of the Rhode Island Constitution. *Page 2 
 Standard of Review
The Court begins with "a presumption that a legislative enactment is constitutional" State vs. Russell,890 A.2d 453, at p. 458 (R.I. 2006) (citing State Ex Rel Town ofWesterly vs. Bradley, 877 A.2d 601, at 605 (R.I. 2005)). "Unless the party challenging the statute's constitutionality can `prove beyond a reasonable doubt that the act violates a specific provision of the constitution . . . this court will not hold the act unconstitutional.'" State vs. Garvin,945 A.2d 821, 823 (R. I. 2008). The Court "will attach `every reasonable intendment in favor of . . . constitutionality' in order to preserve the statute." Russell supra at 458 (quotingBradley, 877A.2d at 605).
 Analysis
The defendants argue that § 31-27-2.1 (b) (2) is unconstitutional because it exposes them to a criminal conviction and potential imprisonment based upon a prior civil adjudication (first offense refusal) not required to meet the criminal standard of proof beyond a reasonable doubt. For support, the defendants point to a line of cases beginning with Apprendi v.New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) holding that any facts which operate to increase the maximum sentence for a crime be established by a jury and proved beyond a reasonable doubt.Id. The defendants, in their application of Apprendi to the case at bar, attempt to fit a "square peg in a round hole."
In Apprendi, the defendant, following conviction of unlawful possession of a firearm, was sentenced by the Court to a longer term than that authorized by the crime for which he stood convicted based upon the New Jersey "hate crime" statute. That statute permitted such an increased sentence upon a finding by the Court, by a preponderance of the evidence, that the crime was racially motivated. The Court held that due process required that the finding of racial *Page 3 
motivation which supported the increased sentence be charged and proved beyond a reasonable doubt. Apprendi,supra at 490
However, unlike the "hate crime" determination inApprendi, the prior violation of the chemical test refusal statute in the case before the Court is not an uncharged fact exposing the defendant to an increased sentence beyond that prescribed by the offense itself, but rather is an element of the crime charged subject to being proved beyond a reasonable doubt.
Quite simply this is an instance where the legislature has determined it to be in the public interest to criminalize certain conduct by a defined class of persons, something the legislature may rightfully due as long as the legislation comports with Equal Protection standards. State v. Mackie,936 A2d 588 (R.I. 2007); see, generally, 16B Am. Jur. 2d Constitutional Law § 857.[1] In respect to the statute in question, the legislatively defined class is comprised of drivers who have previously refused a chemical test. The proscribed conduct is the subsequent refusal within a five year period. Successful prosecution under § 31-27-2.1 (b) (2) requires proof beyond a reasonable doubt that the defendant is within the defined class and that he has committed the prohibited act.
 Conclusion
For the foregoing reasons, the defendants' motions to dismiss are denied.
[1] There are numerous examples in Rhode Island of legislation attaching criminal penalties to the activities of persons distinguished by their having been subjected to prior civil and/or administrative determinations, e.g. third offense driving on a suspending license deemed a felony G.L. 1956 § 31-11-18.1; violation of a civil restraining order deemed a misdemeanor G.L. 1956 § 15-5-3.