May 31, 2024

**Supreme Court**

No. 2022-324-Appeal.
(KC 11-114)

(Dissent begins on
Page 9)

Gail M. McCormick                  :

v.                                 :

Narragansett Improvement           :
    Company, Inc.

NOTICE:   This opinion is subject to formal revision
before publication in the Rhode Island Reporter.  Readers
are requested to notify the Opinion Analyst, Supreme
Court of Rhode Island, 250 Benefit Street, Providence,
Rhode Island 02903, at Telephone (401) 222-3258 or
Email opinionanalyst@courts.ri.gov, of any typographical
or other formal errors in order that corrections may be
made before the opinion is published.

Gail M. McCormick               :

v.                              :

Narragansett Improvement        :
Company, Inc.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court**.  The plaintiff, Gail M. McCormick (plaintiff or

Ms. McCormick), appeals from a Superior Court order and judgment in favor of the

defendant, Narragansett Improvement Company, Inc. (defendant or NICO), in her

personal injury action for injuries sustained on May 29, 2010.  Ms. McCormick

alleges that two different justices of the Superior Court erred: (1) by vacating a

November 18, 2011 entry of default against NICO, and (2) by denying the plaintiff's

motion for a new trial following a seven-day jury trial in March 2022.  This case

came before the Supreme Court pursuant to an order directing the parties to appear

and show cause why the issues raised in this appeal should not be summarily

decided.  After considering the parties' written and oral submissions and reviewing

the record, we conclude that cause has not been shown and that we may decide this

appeal without further briefing or argument. For the reasons stated herein, we vacate the judgment and remand this matter for a hearing on the assessment of damages.

**Facts and Procedural History**

On May 29, 2010, plaintiff sustained personal injuries after she lost control of her motorcycle when it struck one or more unguarded manhole covers in the road on Wilbur Avenue in Cranston, Rhode Island. Ms. McCormick filed suit against several defendants, including NICO, after she learned that the City of Cranston had contracted with NICO to make repairs to Wilbur Avenue beginning on May 17, 2010.[1] An authorized agent of NICO received service of the summons and complaint on October 13, 2011, but NICO failed to file an answer or otherwise appear in the matter. Default entered against NICO on November 18, 2011.

On March 29, 2013, NICO sought to vacate the entry of default and submitted an affidavit from one of its employees, superintendent Kevin Dorsey, in support of its motion. In the affidavit, Mr. Dorsey attested that NICO did not begin to perform repairs on Wilbur Avenue until June 2, 2010. The affidavit was silent about the circumstances that led to NICO's delay in answering Ms. McCormick's complaint.

---

[1] The other named defendants in the original complaint include the City of Cranston, Allan Fung, in his capacity as mayor of Cranston, and Robert F. Strom, in his capacity as finance director. In 2013, plaintiff amended her complaint for the second time to include Garrity Asphalt Reclaiming, Inc., David Ventetuolo, individually and in his capacity as acting public works director at the time of the accident, and Ken Mason, individually and in his capacity as then-public works director. The plaintiff settled with the City of Cranston and Garrity Asphalt prior to trial.

At the hearing on NICO's motion to vacate the entry of default, the hearing justice asked counsel for NICO to explain the good cause for failing to timely respond to the complaint. Defense counsel detailed NICO's internal process for relaying legal complaints to its insurer, Arbella Insurance Company (Arbella): Upon learning that a complaint has been filed, NICO communicates with its agent, who in turn transmits the complaint to Arbella. Defense counsel argued that, consistent with the typical practice, NICO believed that Arbella was representing its interests in the instant case.[2] Counsel for NICO also offered to supplement the record with an affidavit explaining the reasons for NICO's failure to plead or otherwise defend, but the hearing justice indicated that he would accept counsel's representations as sufficient for the time being.

In arguing against NICO's motion to vacate the entry of default, counsel for plaintiff challenged NICO's failure to present an affidavit to support its claim of good cause, among other perceived shortcomings under Rule 55(c) of the Superior Court Rules of Civil Procedure.[3] The hearing justice acknowledged plaintiff's

---

[2] The transcript of the hearing on the motion to vacate the entry of default reflects that counsel for Arbella was present as well.

[3] Counsel for plaintiff also argued that Arbella was an agent of NICO by virtue of their insurance agreement and thus in a position to ensure no delay in answering Ms. McCormick's complaint. Additionally, counsel for plaintiff emphasized that removing the default would substantially prejudice Ms. McCormick because the statute of limitations was set to run in five weeks' time; consequently, plaintiff would be "left trying to find" the proper person or business to name as a defendant within a short window.

concerns, emphasizing that "it's not necessarily enough to say the ball got dropped, without explaining it." The hearing justice questioned counsel for Arbella regarding Arbella's obligation to appoint defense counsel in a timely manner. Counsel for Arbella surmised that the complaint was lost somewhere in Arbella's system but stated that he was not in a position to determine how or why no action was taken. Following this colloquy, the hearing justice granted NICO's motion to vacate the entry of default.

A seven-day jury trial commenced on March 7, 2022. At trial, Ms. McCormick presented evidence from multiple witnesses: she testified about her recollection of the accident and the injuries she sustained; Richard Bernardo, the director of public works for the City of Cranston in 2010, discussed the historic floods in March 2010 that caused significant damage to Wilbur Avenue; Alan Davis, an expert in accident reconstruction, testified about his conclusions regarding what specifically caused Ms. McCormick's accident; and Mr. Dorsey testified about the conditions of Wilbur Avenue and whether he believed they constituted an emergency. Ms. McCormick also presented witnesses who testified regarding the damages involved in this case, including her son, neurological surgeon Michael Olin, M.D., and economics and forensic economics expert Allan Feldman, Ph.D. NICO presented two witnesses in its case-in-chief: John Corso, the highway superintendent for the City of Cranston at the time of the accident, testified that it is the general

obligation of the highway department to maintain the city's roadways; and Scott Lukas, Ph.D., an expert in psychopharmacology and toxicology, testified about the level of impairment that Ms. McCormick would have experienced at the time of the accident given her blood alcohol level.

At the conclusion of trial, the jury returned a verdict finding NICO not liable for plaintiff's accident-related injuries. Ms. McCormick subsequently moved for a new trial, arguing that the jury's verdict in favor of NICO was inconsistent with the instructions to the jury regarding the duty of care owed by defendant and went against the weight of the evidence elicited at trial. The trial justice heard and denied plaintiff's motion at a hearing on May 24, 2022; Ms. McCormick filed a premature notice of appeal thereafter.[4]

Before this Court, Ms. McCormick specifies two errors. First, Ms. McCormick argues that the hearing justice abused his discretion in granting the motion to vacate the entry of default in the absence of evidence of the circumstances excusing NICO's failure to plead or otherwise defend against the complaint. Second, she argues that the trial justice erred in denying her motion for a new trial because (1) the jury failed to follow the jury instructions regarding the duty of care, and (2) the verdict was against the weight of the evidence.

---

[4] It is well settled that this Court treats a premature appeal as timely filed. *See Baker v. Women & Infants Hospital of Rhode Island*, 268 A.3d 1165, 1168 n.3 (R.I. 2022).

## Motion to Vacate the Entry of Default

We review the decision on a motion to vacate an entry of default for an abuse of discretion or an error of law. *Ferris v. Progressive Casualty Insurance Company*, 263 A.3d 1247, 1249 (R.I. 2021).

Rule 55(c) authorizes the trial court to set aside a default "[f]or good cause shown * * *." Super. R. Civ. P. 55(c); *see also Reyes v. Providence Place Group, L.L.C.*, 853 A.2d 1242, 1246 (R.I. 2004). This Court also permits the trial court to set aside a default pursuant to Rule 55(c) "whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense." *R.C. Associates v. Centex General Contractors, Inc.*, 810 A.2d 242, 244 (R.I. 2002) (quoting *Security Pacific Credit (Hong Kong) Ltd. v. Lau King Jan*, 517 A.2d 1035, 1036 (R.I. 1986)). In either case, however, "the defaulting party must show *circumstances* excusing the failure to plead or otherwise defend." *Ferris*, 263 A.3d at 1249 (brackets and deletion omitted) (quoting 1 Robert B. Kent et al., *Rhode Island Civil and Appellate Procedure* § 55:5, VII-510 (West 2020)). Upon such showing, the trial court should resolve any doubts in favor of setting aside default, particularly when the controversy involves large sums of money. *See Reyes*, 853 A.2d at 1247.

The transcript of the April 22, 2013 hearing on the motion to vacate the entry of default reveals that the hearing justice abused his discretion when he set aside the default in this matter. Although the hearing justice acknowledged the correct standard at the outset of the hearing, stating unequivocally that "there have to be some facts that suggest good cause[,]" he nevertheless proceeded to vacate the default without requiring any attestation that set forth the circumstances excusing NICO's failure to plead or otherwise defend the suit for more than seventeen months after service of the amended complaint.

NICO insists that the hearing justice did not abuse his discretion because, NICO argues, the hearing justice appropriately analyzed whether reopening the matter would prejudice Ms. McCormick; whether NICO had a meritorious defense; and whether the default resulted from gross neglect. More specifically, NICO highlights the affidavit of Mr. Dorsey, which referenced supporting documents showing that NICO had not yet begun roadway repair work on Wilbur Avenue at the time of Ms. McCormick's accident, and stresses that the trial court relied upon this affidavit to find that NICO had a meritorious defense. NICO also emphasizes that the parties argued the question of gross neglect extensively, noting that the hearing justice ultimately accepted the representations of counsel regarding the explanations for NICO's failure to plead. NICO maintains that it was proper for the hearing

justice to do so because he was required to resolve any doubts in NICO's favor given the significant amount of damages at issue.

Unfortunately, NICO's arguments cannot overcome the fact that the hearing justice abused his discretion in relying on an insufficient affidavit—which provided no facts concerning the circumstances excusing NICO's failure to plead or otherwise defend—and simply accepting the unsupported representations of counsel regarding those circumstances. *See Ferris*, 263 A.3d at 1250 (reiterating that "statements of counsel made in the course of argument, whether written or oral, do not constitute evidence") (quoting *Wood v. Ford*, 525 A.2d 901, 903 (R.I. 1987)).

This Court has explained that an "abuse [of discretion] occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Gallop v. Adult Correctional Institutions*, 218 A.3d 543, 549 (R.I. 2019) (brackets omitted) (quoting *Hogan v. McAndrew*, 131 A.3d 717, 722 (R.I. 2016)). In the instant case, the hearing justice properly acknowledged that, when a defaulting party presses a motion to set aside entry of default, "it's not necessarily enough to say that the ball got dropped, without explaining it." Nevertheless, the hearing justice ultimately ignored the need for an attestation setting forth the circumstances excusing NICO's failure to plead or otherwise defend the suit for more than seventeen months after service of the

- 8 -

amended complaint. He resolved doubts in favor of setting aside the default in the absence of a proper showing of good cause by the defaulting party and thereby abused his discretion. Accordingly, we conclude that the hearing justice erred in vacating the entry of default against NICO.

## Motion for a New Trial

Because we hold that the hearing justice erred in granting NICO's motion to vacate the entry of default, we decline to reach Ms. McCormick's challenge to the denial of her motion for a new trial. Our decision regarding the entry of default is dispositive of Ms. McCormick's appeal.

## Conclusion

Based on the foregoing, we vacate the judgment of the Superior Court and remand the record in this case to the Superior Court for a hearing on the assessment of damages.

**Justice Robinson, dissenting.** I dissent from the decision of the majority in this case; I do so unequivocally and vigorously, but also respectfully. In my judgment, the majority's decision is inconsistent with settled principles that have long guided this Court's approach to reviewing rulings by trial court justices with respect to whether or not a particular entry of default should be vacated.

In Anglo-American jurisprudence the right to have one's day in court is undoubtedly one of the most valued and venerable rights of every citizen—regardless of whether that citizen is a person or an entity. However, this particular defendant, Narragansett Improvement Company, Inc. (NICO), finds itself deprived of that right for reasons that I consider to be wholly insufficient. Significantly, this result flies in the face of the fact that a justice of the Superior Court had weighed the equities and concluded that NICO deserved to have its day in court so that it could seek to prove that there was no factual or legal basis for finding it liable for the injuries allegedly sustained by Gail M. McCormick on May 29, 2010.[1]

It is my view that the majority has grievously erred in reversing the hearing justice's exercise of his discretion[2] when, after considering the travel of the case prior to the time of his ruling as well as the equities involved, he decided to vacate

---

[1]    I express no definitive view as to the merits of Ms. McCormick's allegations. However, I am very much aware of the affidavit of Kevin Dorsey, a superintendent in the employ of NICO. (That affidavit was submitted to the hearing justice and is part of the record before this Court.) As the majority opinion notes, in his affidavit Mr. Dorsey attested that "NICO did not begin to perform repairs on Wilbur Avenue until June 2, 2010." It will be recalled that Ms. McCormick was injured several days earlier—on May 29, 2010. Clearly, this case involves much grist for a factfinder's mill.

[2]    The majority opinion correctly states: "We review the decision on a motion to vacate an entry of default for an abuse of discretion or an error of law." *See Ferris v. Progressive Casualty Insurance Company*, 263 A.3d 1247, 1249 (R.I. 2021).

- 10 -

the entry of default so that this case could be tried on its merits.[3]  While I of course do not question my colleagues' sincerity, it is my view that in actuality they have been unduly influenced by the discretionary decision which *they* might have made as hearing justices rather than focusing on whether or not the discretionary decision which the hearing justice assigned to this case was supportable.  It should go without saying that the sole issue before us is whether the hearing justice abused *his* discretion in vacating the entry of default.  Whether any one of us might have exercised our discretion so as to reach the same result or another result is very definitely not what this case is all about. *See, e.g.*, *Harodite Industries, Inc. v. Warren Electric Corporation*, 24 A.3d 514, 533 (R.I. 2011) ("The only issue properly before us is whether the hearing justice abused her discretion in ruling as she did, and we hold that she did not."); *State v. Gillespie*, 960 A.2d 969, 980 (R.I. 2008) ("[W]e may uphold a trial justice's ruling even if we would have ruled differently had we been in the trial justice's position."); *see also National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) ("The question, of course, is not whether this Court * * * would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing.").

---

[3]     *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, Federal Practice and Procedure* § 2693 (4th ed. 2016) ("Considerable weight is given to the [trial] judge's decision on the motion because the trial judge is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.").

It is important to keep in mind that what is before us in this case is a motion to vacate an entry of default—*not* a motion to vacate a default judgment. The operative criterion with respect to motions to vacate an entry of default is set forth in plain English in Rule 55(c) of the Superior Court Rules of Civil Procedure: "For good cause shown the court may set aside an entry of default * * *." This is a substantially more flexible and lenient criterion than the "excusable neglect" standard that must be satisfied by parties who move to vacate a default judgment. *See Berberian v. Petit*, 118 R.I. 448, 452, 374 A.2d 791, 793 (1977) ("Under Super. R. Civ. P. 55(c) the only showing required for removing [a] default was 'good cause' and not the 'mistake, inadvertence, surprise, or excusable neglect' showing which would have been demanded under Super. R. Civ. P. 60(b), had the default been followed by the subsequent entry of a final judgment."); *see also Reyes v. Providence Place Group, L.L.C.*, 853 A.2d 1242, 1247 (R.I. 2004).

I find it instructive to recall the following principle articulated in a respected legal treatise that was quoted with approval by the late Justice Alfred Joslin, writing for a unanimous Court, in *Berberian*:

> "[W]here there are no intervening equities any doubt about the existence of good cause, should, as a general proposition, be resolved in favor of the movant to the end of securing a final trial upon the merits." *Berberian*, 118 R.I. at 452-53, 374 A.2d at 793 (brackets omitted) (quoting

6 Moore, *Federal Practice* ¶ 55.10[1], at 55-235 to -236
(2d ed. 1976)).[4]

In my judgment, the hearing justice in this case exercised his discretion in a manner that was fully consistent with the following observation by this Court over eight decades ago:

> "In the trial of a case questions at times arise to which no strict rule of law is applicable, but which from their nature and surrounding circumstances require the judgment of the court. These questions are to be determined by the court exercising its judicial discretion to further the ends of justice." *Strzebinska v. Jary*, 58 R.I. 496, 500, 193 A. 747, 748-49 (1937).

There is an unfortunate irony in the majority opinion's statement to the effect that "the hearing justice ultimately ignored the need for an attestation setting forth the circumstances excusing NICO's failure to plead or otherwise defend the suit for more than seventeen months after service of the amended complaint."[5] In effect the

---

[4] Immediately after quoting the passage from Professor Moore's well-known treatise, Justice Joslin wrote: "The trial justice in this case resolved whatever doubts he may have had in favor of the movant, and we are not prepared to say that in so doing he abused his discretion." *Berberian v. Petit*, 118 R.I. 448, 453, 374 A.2d 791, 793 (1977); *see also Reyes v. Providence Place Group, L.L.C.*, 853 A.2d 1242, 1247 (R.I. 2004) (noting that this Court has "joined federal courts in resolving doubts in favor of removing default in actions where large sums of money are involved in the suit") (internal quotation marks omitted).

[5] In truth, the majority opinion understates what actually occurred. The fact is that the hearing justice did not simply *ignore* the need for the attestation at issue, but rather he simply accepted the representations of counsel regarding the circumstances relative to NICO's failure to plead or otherwise defend.

rather relaxed approach of the hearing justice in indicating that it would not be necessary for NICO to produce, in addition to what was represented by counsel in open court, further "attestation" from NICO (the absence of such attestation being deemed by the majority to be a fatal shortcoming) results in NICO being deprived of its day in court. In simple terms, that means that it is defendant NICO (which acted in accordance with the hearing justice's explicit indication) which must pay the price for the perceived case-management error on the part of the hearing justice.

It is my definite view that NICO has been wrongly deprived of its day in court because the majority is displeased with the manner in which the hearing justice dealt with the motion to vacate the entry of default.[6] Even though Ms. McCormick failed to persuade a jury to find in her favor and even though she failed to persuade the trial justice to grant her motion for a new trial, she is now on the brink of receiving an award of damages from NICO without having been successful in an actual trial. I am frankly unable to reconcile the ruling of the majority with this Court's tradition of examining the equities of a situation with a preference for allowing every party to have his, her, or its day in court[7] except when the law in its rigor makes that

[6]     The instant case is radically distinguishable from *Ferris v. Progressive Casualty Insurance Company*, 263 A.3d 1247 (R.I. 2021). The statements of counsel in that case were held not to be a sufficient substitute for an affidavit. *Ferris*, 263 A.3d at 1250-51. In this case, by contrast, the hearing justice specifically indicated that counsel's statements would suffice.

[7]     *See Berberian*, 118 R.I. at 452-53, 374 A.2d at 793.

impossible. With deep regret over what has happened in this case, but also with the requisite respect, I dissent.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Gail M. McCormick v. Narragansett Improvement Company, Inc. |
| **Case Number** | No. 2022-324-Appeal. (KC 11-114) |
| **Date Opinion Filed** | May 31, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>John B. Harwood, Esq.<br>For Defendant:<br><br>Marc DeSisto, Esq. |